[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 40.]

THE STATE OF OHIO, APPELLANT, *v*. WILSON, APPELLEE.

[Cite as *State v. Wilson*, 1995-Ohio-217.]

*Juvenile law—Absent bindover procedure, juvenile court has exclusive subject matter jurisdiction in delinquency cases—R.C. 2151.23, 2151.25 and 2151.26(E), applied—Exclusive jurisdiction of juvenile court cannot be waived.*

1.  Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent. (R.C. 2151.23, 2151.25 and 2151.26[E], applied.)

2.  The exclusive subject matter jurisdiction of the juvenile court cannot be waived.

(No. 94-1272—Submitted June 6, 1995—Decided August 9, 1995.)

CERTIFIED by the Court of Appeals for Hamilton County, No. C-930429.

———————————

{¶ 1} On December 1, 1980, Edward D. Becker filed a report with the Hamilton County Sheriff's Department, asserting that someone had stolen some items of his personal property during October and November of that year. On December 4, 1980, a deputy sheriff arrested appellee, Glen W. Wilson, after all of the missing items were recovered from Wilson's apartment. On February 3, 1981, the grand jury of Hamilton County charged Wilson with grand theft and receiving stolen property worth $150 or more, both fourth degree felonies. Both counts of the indictment asserted that Wilson committed the offenses on or about December 2, 1980.

{¶ 2} Wilson, who was represented by counsel, appeared before the general division of the Hamilton County Court of Common Pleas and entered a plea of no contest to the charge of theft in exchange for the state's dismissal of the charge of

receiving stolen property. The court of common pleas found Wilson guilty of grand theft and sentenced him to be imprisoned for two to five years. Wilson did not appeal. After Wilson had served about sixty days of his sentence, the trial court, pursuant to R.C. 2947.061, suspended Wilson's sentence and placed him on shock probation, which he successfully completed.

{¶ 3} On April 19, 1993, about twelve years after he was convicted, Wilson, pursuant to R.C. 2953.21, filed with the Hamilton County Court of Common Pleas a motion to vacate his judgment of conviction.[1] In his motion, Wilson asserted for the first time that his judgment of conviction was a nullity because the court of common pleas did not have jurisdiction over him when it found him guilty of theft. Wilson argued that the juvenile court had exclusive jurisdiction over him because he was only seventeen years of age when he stole Becker's property. To support his argument, Wilson attached to his motion an affidavit signed by Becker, stating that the personal items had been stolen sometime between October 1, 1980 and November 16, 1980. Wilson, who was born on November 23, 1962, had not turned eighteen years of age until November 23, 1980.

{¶ 4} The court of common pleas denied Wilson's motion to vacate his judgment of conviction, finding that he had waived the issue of jurisdiction by failing to raise it before seeking postconviction relief. Upon appeal, the Hamilton County Court of Appeals reversed the judgment of the trial court and remanded the cause with instructions to vacate the judgment of conviction against Wilson. The court of appeals held that the general division of the court of common pleas lacked subject matter jurisdiction to convict Wilson. The court explained that the bindover

---

1. R.C. 2953.21(A) states: "Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

procedure described in R.C. 2151.26 provides the only way in which a juvenile court can relinquish its exclusive original jurisdiction over a juvenile.

{¶ 5} Finding its judgment in conflict with the Ninth District Court of Appeals' decision in *State v. Tillman* (1990), 66 Ohio App.3d 464, 585 N.E.2d 550, the court of appeals entered an order certifying a conflict. This cause is now before this court upon our determination that a conflict exists.

_____

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellant.

*Peter Rosenwald*, for appellee.

_____

**WRIGHT, J.**

{¶ 6} The issues certified to this court are: (1) "In the absence of a bindover from juvenile court pursuant to R.C. 2151.26, does the general division of the common pteas [*sic*] court have jurisdiction to try, convict and sentence a juvenile defendant?" and (2) "In the absence of the bindover, can the juvenile court jurisdiction be waived?" We answer both of these queries in the negative.

{¶ 7} The general subject matter jurisdiction of Ohio courts of common pleas is defined entirely by statute pursuant to Section 4(B), Article IV of the Ohio Constitution, which states that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." With regard to criminal cases, R.C. 2931.03 provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." However, the General Assembly has allocated certain subject matters to the exclusive original jurisdiction of specified *divisions* of the courts of common pleas.

**{¶ 8}** R.C. 2151.07 creates Ohio's juvenile courts, which are divisions of the courts of common pleas.[2]  R.C. 2151.23 provides:

"(A) The juvenile court has *exclusive original jurisdiction* under the Revised Code:

"(1) Concerning any *child* who on or about the date specified in the complaint is alleged to be * * * a delinquent * * * child."[3]  (Emphasis added.)

**{¶ 9}** R.C. 2151.25 states:  "When a *child* is arrested under any charge, complaint, affidavit, or indictment, whether for a felony or a misdemeanor, proceedings regarding such child *shall* be initially in the juvenile court in accordance with this chapter.  If the child is taken before a * * * judge of the court of common pleas other than a juvenile court, such * * * judge of the court of common pleas *shall* transfer the case to the juvenile court, whereupon proceedings shall be in accordance with this chapter.  Upon such transfer all further proceedings under the charge, complaint, information, or indictment shall be discontinued in the court of said * * * judge of the court of common pleas other than a juvenile court, and the case relating to such child shall thenceforth be within the *exclusive jurisdiction of the juvenile court*."  (Emphasis added.)

**{¶ 10}** During his criminal prosecution, Wilson was a "child," as that term is used in Ohio's Juvenile Court Act, R.C. Chapter 2151, because he was seventeen years of age when he stole Becker's property.  R.C. 2151.011(B)(1) defines "child" as "a person who is under the age of eighteen years, except that any person who violates a federal or state law or municipal ordinance prior to attaining eighteen

---

2.  R.C. 2151.07 expressly provides that the Hamilton County Juvenile Court is a separate division of the Hamilton County Court of Common Pleas.  See, also,  R.C. 2151.08.

3.  R.C. 2151.02(A) defines a "delinquent child" as any child "[w]ho violates any law of this state, * * * which would be a crime if committed by an adult * * *."  We refer to and quote the current versions of all applicable statutes because the statutes have not materially changed since Wilson's criminal prosecution with respect to the issues at hand.

years of age shall be deemed a 'child' irrespective of his age at the time the complaint is filed or the hearing on the complaint is held."

{¶ 11} R.C. 2151.26 and Juv.R. 30 provide a narrow exception to the general rule that juvenile courts have exclusive subject matter jurisdiction over any case involving a child. In what is generally referred to as a bindover procedure, a juvenile court may transfer a case involving an alleged delinquent child to the court that would have had jurisdiction of the offense if it had been committed by an adult. R.C. 2151.26(A)(1). Before binding the juvenile over to another court to be criminally prosecuted as an adult, the juvenile court must determine the following: (1) the child was at least fifteen years of age at the time he committed the offense, (2) there is probable cause to believe that the child committed the offense, (3) the child is not amenable to further care or rehabilitation in any facility for delinquent children, and (4) the safety of the community may require that the child be placed under legal restraint. R.C. 2151.26(A); see, also, Juv.R. 30.

{¶ 12} R.C. 2151.26(E) states: "No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen, unless the child has been transferred as provided in this section." This division makes it clear that R.C. 2151.26 constitutes the only method by which a juvenile court may relinquish its exclusive original jurisdiction concerning a delinquent child. Therefore, we hold that absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent.

{¶ 13} In the case before us, Wilson, a "child" at the time of his criminal activity, never even appeared before the juvenile court, apparently because the state and the court mistakenly believed that Wilson was eighteen years of age when he stole Becker's property. He appeared before and was convicted and sentenced by the general division of the court of common pleas without being bound over by the

juvenile court. Therefore, Wilson was still subject to the exclusive special subject matter jurisdiction of the juvenile court, and the court of common pleas lacked subject matter jurisdiction to convict him.

{¶ 14} Because the general division of the court of common pleas lacked subject matter jurisdiction to convict Wilson, the judgment of conviction against him was void *ab initio*. See *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph three of the syllabus; *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph five of the syllabus. R.C. 2151.26(E) expressly addresses the specific issue presented in this case: "*Any prosecution that is had in a criminal court on the mistaken belief that the child was eighteen years of age or older at the time of the commission of the offense shall be deemed a nullity*, and the child shall not be considered to have been in jeopardy on the offense." (Emphasis added.)

{¶ 15} Relying on *State v. Klingenberger* (1925), 113 Ohio St. 418, 149 N.E. 395, the state argues that the Juvenile Court Act does not divest the general division of the court of common pleas of its general subject matter jurisdiction in cases involving children, but merely vests the juvenile court with jurisdiction over the person of a child, which can be waived even by a minor. This argument is contrary to the unambiguous language of R.C. 2151.26(E) and ignores the General Assembly's express grant of *exclusive* jurisdiction to the juvenile court in both R.C. 2151.23(A) and 2151.25.

{¶ 16} We also hold that the exclusive subject matter jurisdiction of the juvenile court cannot be waived. *Klingenberger*, paragraph one of the syllabus, states: "A minor charged with felony waives his right to object to the jurisdiction of the court of common pleas on the ground of his minority, by not filing a plea in abatement to an indictment in the court of common pleas." This syllabus is no longer good law because the General Assembly has spoken to the contrary. *Klingenberger* predates the 1969 enactment of R.C. 2151.26(E) (then [C]), which,

without exception, renders any prosecution of a child in an adult criminal court a nullity, unless the child has been properly bound over from the juvenile court.[4] Am. Sub. H.B. No. 320, 133 Ohio Laws, Part II, 2040, 2050. Furthermore, in holding that the defendant had waived his right to challenge the jurisdiction of the court of common pleas, the *Klingenberger* court relied on G.C. 13625, the predecessor to R.C. 2941.59,[5] which has been superseded by Crim.R. 12.[6]

---

4. Referring to R.C. 2151.26(E), one legal treatise states:

"Despite this clear and unequivocal statutory statement, Ohio courts occasionally disregard its mandate, and uphold adult court convictions based on acts committed prior to the defendant's eighteenth birthday.

"The cases reaching this erroneous conclusion rely on *State v. Klingenberger*, a 1925 Supreme Court decision that predates the adoption of RC § 2151.26(E) in 1969. The General Assembly abrogated that precedent when it adopted that section. Though there may be an understandable inclination to sanction a child who, through ignorance, fear, or perversity has either kept silent about or affirmatively concealed or misrepresented his or her age when taken before an adult criminal court, that course of action is expressly barred under RC § 2151.26(E)." (Footnotes omitted.) Carr & Young, 2 Anderson's Ohio Family Law (2 Ed.1989) 17, Section 2.7; see, also, *State v. Neguse* (1991), 71 Ohio App.3d 596, 601, 594 N.E.2d 1116, 1119; *State v. Taylor* (1985), 26 Ohio App.3d 69, 71, 26 OBR 243, 245, 498 N.E.2d 211, 213; *State v. Riggins* (1980), 68 Ohio App.2d 1, 22 O.O.3d 1, 426 N.E.2d 504.

In *State v. Adams* (1982), 69 Ohio St.2d 120, 126, 23 O.O.3d 164, 168, 431 N.E.2d 326, 330, this court approved and followed *Klingenberger*, *supra*, but our discussion and approval of *Klingenberger* were limited to its second paragraph of the syllabus, involving issues entirely different from those presented in the case before us.

5. That section provides: "The accused waives all defects which may be excepted to by a motion to quash or a plea in abatement, by demurring to an indictment, or by pleading in bar or the general issue."

6. Unlike the defendant in *Klingenberger*, *supra*, which involved a direct appeal, Wilson is challenging the jurisdiction of the court of common pleas pursuant to R.C. 2953.21, the postconviction relief statute. Because a postconviction relief proceeding is a separate, civil proceeding, see *State v. Milanovich* (1975), 42 Ohio St.2d 46, 49, 71 O.O.2d 26, 27, 325 N.E.2d 540, 542, the proper question is not whether Wilson waived the issue of the subject matter jurisdiction of the court of common pleas, but whether the doctrine of *res judicata* bars his present action. In *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus, this court stated: "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis *sic*.) However, in *Perry*, we limited the application of the doctrine of *res judicata* to cases in which the judgment of conviction was not void for lack of jurisdiction: "Where a judgment of conviction is rendered by a court having jurisdiction over the person of the defendant and jurisdiction of the subject matter, such

**{¶ 17}** The issue of a court's subject matter jurisdiction cannot be waived. A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none. See *Rogers v. Ohio* (1913), 87 Ohio St. 308, 101 N.E. 143, paragraph one of the syllabus. Crim.R. 12(G) provides that a defendant who fails to raise one or more defenses waives only those defenses or objections *that must be raised before trial*, and Crim.R. 12(B)(2) expressly excepts jurisdictional challenges from the defenses or objections that must be raised before trial.

**{¶ 18}** For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS, J., dissents.

_____

judgment is not void, and the cause of action merged therein becomes *res judicata* as between the state and the defendant." *Id.* at paragraph six of the syllabus. See, also, *State v. Cimpritz* (1953), 158 Ohio St. 490, 49 O.O. 418, 110 N.E.2d 416, paragraph six of the syllabus (stating that a judgment of conviction that is void for lack of subject matter jurisdiction may be attacked in a collateral proceeding). Because Wilson's judgment of conviction was void *ab initio* for lack of subject matter jurisdiction, his present postconviction relief motion is not barred by the doctrine of *res judicata*.