[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 149.]

GASKINS, APPELLANT, *v.* SHIPLEVY, WARDEN, APPELLEE.

[Cite as *Gaskins v. Shiplevy*, 1995-Ohio-262.]

*Petition for writ of habeas corpus seeking release from Lima Correctional Institution—Writ allowed when petition states potentially good cause of action alleging that court of common pleas lacked jurisdiction over juvenile petitioner because of improper bindover procedure—Juvenile law—Without proper bindover procedure under R.C. 2151.26, juvenile court's jurisdiction is exclusive and cannot be waived.*

(No. 95-879—Submitted September 12, 1995—Decided December 6, 1995.)

APPEAL from the Court of Appeals for Allen County, No. CA95030015.

———————————

{¶ 1} On March 29, 1995, appellant, Keith A. Gaskins, filed a petition for a writ of habeas corpus in the Court of Appeals for Allen County, alleging that he was unlawfully restrained by appellee, Carol Shiplevy, Warden of the Lima Correctional Institution, by reason of being placed twice in jeopardy in his 1983 conviction for burglary. He claimed he was fifteen at the time of conviction and that jeopardy had attached in juvenile court before he was bound over for trial as an adult. He attached a 1983 journal entry from the Court of Common Pleas of Seneca County, showing that he had pled guilty to burglary and was sentenced to an indeterminate term of two to fifteen years.

{¶ 2} On April 12, 1995, appellant moved to amend the petition to add a claim of improper bindover from the Seneca County Juvenile Court, which, he alleged, prevented the Seneca County Common Pleas Court from acquiring jurisdiction. On April 19, 1995, without ruling on petitioner's motion to amend, the court of appeals dismissed the petition under authority of *Wenzel v. Enright* (1993), 68 Ohio St. 3d 63, 623 N.E. 2d 69, which held that double jeopardy claims

do not state a cause of action in habeas corpus. Appellant appeals from this judgment.

———————————

*Keith A. Gaskins*, *pro se*.

———————————

**Per Curiam.**

{¶ 3} We reverse the judgment of the court of appeals and remand the cause.

{¶ 4} Insofar as the court of appeals held that appellant's double jeopardy claim did not state a cause of action in habeas corpus, we agree. *Wenzel v. Enright, supra*. However, the court of appeals disregarded appellant's motion to add the improper bindover claim. Civ. R. 15 (A) states in part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *."

{¶ 5} The Civil Rules may apply to habeas cases where not "clearly inapplicable" by their nature. *Pegan v. Crawmer* (1995), 73 Ohio St. 3d 607, 608, 653 N.E. 2d 659, 660. We do not find Civ. R. 15 (A) clearly inapplicable to habeas cases. Therefore, we hold that the court of appeals should have allowed the motion to amend and considered the bindover issue.

{¶ 6} On appeal, appellant argues that improper bindover deprived the common pleas court of jurisdiction. This issue was not considered by the court of appeals and appears to have facial merit. Appellant states, among other things, that in November 1983 he was unrepresented by counsel at a juvenile adjudication hearing, which the court converted into a bindover hearing. Juv. R. 3 stated in 1983:

"A child's right to be represented by counsel at a hearing to determine whether the juvenile court shall relinquish its jurisdiction for purposes of criminal prosecution may not be waived."

**{¶ 7}** Appellant also claims that he was given no mental and physical examination, as required by R.C. 2151.26. In the last half of 1983, R.C. 2151.26 stated in part (and still states in substance):

"After a complaint has been filed alleging that a child is a delinquent child by reason of having committed an act that would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"* * *

"(3) After an investigation, including a mental and physical examination of the child made by a public or private agency, or a person qualified to make the examination, that there are reasonable grounds to believe that:

"(a) He is not amenable to care or rehabilitation or further care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(b) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority." (140 Ohio Laws, Part I, 585-586.)

**{¶ 8}** In *State v. Wilson* (1995), 73 Ohio St. 3d 40, 652 N.E. 2d 196, we held that, without a proper bindover procedure under R.C. 2151.26, a juvenile court's jurisdiction is exclusive and cannot be waived. *Id.* at paragraphs one and two of the syllabus. Accordingly, we hold that appellant's amended petition stated a potentially good cause of action in habeas corpus, alleging, as it did, that the court of common pleas lacked jurisdiction over appellant because of improper bindover. Therefore, we reverse the judgment of the court of appeals and remand the cause for the court of appeals to allow the writ, require appellee to make a return, and determine whether the bindover was improper. See *Hammond v. Dallman* (1992), 63 Ohio St. 3d 666, 668, 590 N.E. 2d 744, 746, fn. 7.

{¶ 9} We are aware that *Wilson* was not a habeas case and that we have stated that habeas will not lie when there is an adequate remedy at law. *State ex rel. Pirman v. Money* (1994), 69 Ohio St. 3d 591, 593-594, 635 N.E. 2d 26, 29. Nevertheless, when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal. *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E. 2d 35, 37, and paragraph three of the syllabus.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., CONCUR.

_____