[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 193.]

THE STATE EX REL. HARRIS, APPELLANT, *v.* ANDERSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Harris v. Anderson*, 1996-Ohio-412.]

*Habeas corpus petition that alleges that court lacked jurisdiction over petitioner due to an improper bindover states a potentially good cause of action in habeas corpus.*

(No. 96-410—Submitted April 30, 1996—Decided July 31, 1996.)

APPEAL from the Court of Appeals for Richland County, No. 96 CA 5.

———————————

{¶ 1} In June 1976, the Cuyahoga County Court of Common Pleas convicted appellant, Duran Harris, on ten counts of aggravated robbery and one count of aggravated murder with a specification. The common pleas court sentenced Harris to consecutive terms of seven to twenty-five years on the aggravated robbery counts and to death on the aggravated murder count. Harris's death sentence was subsequently modified to a life sentence when Ohio's former death penalty statute was ruled unconstitutional. See *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973.

{¶ 2} In January 1996, Harris filed a petition for a writ of habeas corpus in the Court of Appeals for Richland County, alleging that he was being unlawfully restrained of his liberty by appellee, Mansfield Correctional Institution Warden Carl Anderson. Harris alleged that he was born on December 22, 1957, and that he was seventeen years old at the time of the commission of the crimes for which he was convicted in 1976. Harris further alleged that he was convicted and sentenced by the general division of the common pleas court without any proper bindover from the juvenile court.

**{¶ 3}** Prior to the expiration of the time for appellee to file a response, the court of appeals dismissed the petition on the basis that Harris "has an adequate remedy at law."

**{¶ 4}** The cause is now before this court upon an appeal as of right.

_____

*Duran Harris, pro se*.

*Betty D. Montgomery*, Attorney General, and *Jon C. Walden*, Assistant Attorney General, for appellee.

_____

**MOYER, C.J.**

**{¶ 5}** Harris asserts in his sole proposition of law that the sentencing court did not have jurisdiction over him because he was less than eighteen years old at the time the offenses were committed, and there was no bindover from a juvenile court.

**{¶ 6}** Habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, and there is no adequate legal remedy, *e.g.*, appeal or postconviction relief. *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26, 29.

**{¶ 7}** At the time Harris was charged, convicted, and sentenced, R.C. 2151.26 provided:

"(A) After a complaint has been filed alleging that a child is delinquent by reason of having committed an act which would constitute a felony if committed by an adult, the court at a hearing may transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense, after making the following determinations:

"(1) The child was fifteen or more years of age at the time of the conduct charged;

"(2) There is probable cause to believe that the child committed the act alleged;

"(3) After an investigation including a mental and physical examination of such child made by the Ohio youth commission, a public or private agency, or a person qualified to make such examination, that there are reasonable grounds to believe that:

"(a) He is not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children;

"(b) The safety of the community may require that he be placed under legal restraint, including, if necessary, for the period extending beyond his majority.

"***

"(D) No child, either before or after reaching eighteen years of age, shall be prosecuted as an adult for an offense committed prior to becoming eighteen unless the child has been transferred as provided in this section. Any prosecution that is had in a criminal court on the mistaken belief that the child was over eighteen years of age at the time of the commission of the offense shall be deemed a nullity and the child shall not be considered to have been in jeopardy on the offense." (134 Ohio Laws, Part I, 542-543.)

{¶ 8} Absent a proper bindover procedure pursuant to R.C. 2151.26, the jurisdiction of a juvenile court is exclusive and cannot be waived. *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, paragraphs one and two of the syllabus. A habeas corpus petition which alleges that the court lacked jurisdiction over the petitioner due to an improper bindover states a potentially good cause of action in habeas corpus. The petition requires the allowance of the writ and an order mandating the respondent to make a return in order that the court may determine whether the bindover was improper. *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284. Similarly, Harris's petition, which alleged that

no bindover required by R.C. 2151.26 had ever occurred, states a potentially good cause of action in habeas corpus.

{¶ 9} The court of appeals below summarily dismissed the petition on the basis that Harris possesses an adequate remedy at law. In *Gaskins, supra*, 74 Ohio St.3d at 151, 656 N.E.2d at 1284, citing *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus, we expressly held in a case where the petitioner alleged an improper bindover, that "when a court's judgment is void because it lacked jurisdiction, habeas is still an appropriate remedy despite the availability of appeal." Therefore, the court of appeals erred in dismissing the petition based on the claimed presence of an adequate remedy at law.

{¶ 10} Appellee asserts that *Gaskins* and *Wilson* are distinguishable because Harris was eighteen at the time he committed the offenses and that Harris's "claim that he was seventeen at the time of the offense[s] is nothing more than an attempt to mislead the court." Appellee relies on his motion to dismiss, which was filed in the court of appeals.

{¶ 11} We do not accept appellee's argument for the following reasons. First, the court of appeals dismissed the petition prior to appellee's filing his motion to dismiss. Second, Harris alleged, with sufficient particularity to withstand dismissal, that he was a minor at the time of the commission of the offenses. There is no requirement that he provide supporting documentation of his age in his petition in order to satisfy the particularity requirement. See, *e.g., Gaskins*, 74 Ohio St.3d at 149, 656 N.E.2d at 1283, stating that Gaskins "claimed [in his petition that] he was fifteen at the time of conviction ***." Finally, appellee's motion to dismiss could not have been treated as a return because it did not contain a sworn statement concerning Harris's age at the time of the offenses or properly authenticated documents establishing such age. See, *e.g.*, R.C. 2725.14 and 2725.15; *Hammond v. Dallman* (1992), 63 Ohio St.3d 666, 667, 590 N.E.2d 744, 745-746.

{¶ 12} Accordingly, the court of appeals erred in dismissing the petition. We reverse the judgment of the court of appeals and remand the cause to the court of appeals to allow the writ, require appellee to make a return, and determine whether a bindover was required pursuant to R.C. 2151.26.

*Judgment reversed and cause remanded.*

BRYANT, PFEIFER and COOK, JJ., CONCUR.

DOUGLAS, RESNICK and STRATTON, JJ., DISSENT.

PEGGY BRYANT, J., of the Tenth Appellate District, sitting for F.E. SWEENEY, J.

_____

**DOUGLAS, J., dissenting.**

{¶ 13} I respectfully dissent. I would affirm the judgment of the court of appeals. First, as the court of appeals held, appellant has an adequate remedy at law. Therefore, habeas corpus in this set of circumstances does not lie.

{¶ 14} Second, I believe appellant was required to plead with particularity that he was a minor at the time he committed the offenses of which he has been convicted. In an original action such as habeas corpus, pleading with particularity should include some documentation. The majority says that "* * * Harris alleged, with sufficient particularity to withstand dismissal, that he was a minor at the time of the commission of the offenses." All Harris says is that he was a minor at the time. How this translates into "sufficient particularity" escapes me. All the majority is doing is permitting a bald assertion, made many years after the crimes and convictions, to be transformed into a writ being granted, return being required, and court hearing to be held with the burden of proof on the state to prove age of majority, now twenty years later, at the time of the criminal acts. The waste of valuable time and judicial resources is obvious.

{¶ 15} I respectfully, but vigorously, dissent.

RESNICK and STRATTON, JJ., concur in the foregoing dissenting opinion.