THE STATE EX REL. FRYERSON, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *State ex rel. Fryerson v. Tate* (1999), 84 Ohio St.3d 481.]

(No. 97–2517—Submitted December 1, 1998—Decided February 17, 1999.)

*James A. Draper*, Cuyahoga County Public Defender, and *Jean M. Gallagher*, Assistant Public Defender, for appellant.

Betty D. Montgomery, Attorney General, and Michele M. Schoepe, Assistant Attorney General, for appellee.

---

ALICE ROBIE RESNICK, J. In his first proposition of law, appellant contends that he has stated a viable habeas corpus claim because his sentencing court lacked jurisdiction to convict him of offenses different from those for which he was bound over by the juvenile court. Appellant argues that when all aspects of this case are considered together, the end result must be that the court of appeals erred in denying the writ. The principal points of appellant's arguments can be distilled into four separate components.

First, appellant asserts that a habeas corpus petition alleging that the sentencing court lacked jurisdiction over the petitioner due to an improper bindover states a potentially good cause of action in habeas corpus. *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284 (*"Gaskins I "*); *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 195, 667 N.E.2d 1, 2. Appellant points out that in *State v. Wilson* (1995), 73 Ohio St.3d 40, 652 N.E.2d 196, paragraph one of the syllabus, this court held that absent a proper bindover pursuant to R.C. 2151.26, the juvenile court has exclusive subject-matter jurisdiction over any case concerning an alleged delinquent child. See, also, *State v. Golphin* (1998), 81 Ohio St.3d 543, 544–545, 692 N.E.2d 608, 610.

Second, appellant claims that his petition sufficiently alleges the lack of a proper bindover because he was never bound over for the offenses for which he was convicted and sentenced. Appellant further contends that the transfer of a case from juvenile court for criminal prosecution pursuant to the mandatory bindover provisions of R.C. 2151.26(B) and the discretionary bindover provisions of R.C. 2151.26(C) confers jurisdiction of "all further proceedings pertaining to the act charged * * * within the jurisdiction of the court to which it is transferred as described in division (H) of 2151.23 of the Revised Code." R.C. 2151.26(F). Appellant also asserts that under R.C. 2151.23(H)(1), the transferee court has jurisdiction to hold further proceedings on the "offense that was the basis of the transfer of the case for criminal prosecution."

Appellant contends that based on the amended version of R.C. 2151.26, in effect at the time that he committed the offenses charged, his sentencing court lacked jurisdiction to try him on offenses against Jones because these offenses were not the basis of the bindover by the juvenile court. R.C. 2151.26 and 2151.23(H). See, generally, Am.Sub.H.B. No. 1, 146 Ohio Laws, Part I, effective January 1, 1996.

Third, appellant alleges that the possibility of an adequate alternative remedy is irrelevant to his habeas corpus petition, which allegedly raises a jurisdictional claim of an improper bindover. See *Harris*, 76 Ohio St.3d at 195, 667 N.E.2d at

2–3; *Gaskins I,* 74 Ohio St.3d at 151, 656 N.E.2d at 1284. See, also, *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99–100, 666 N.E.2d 1091, 1094, citing *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus ("where a judgment is void due to lack of jurisdiction, habeas corpus is an appropriate remedy despite the availability of alternative remedies such as appeal"); *Wilson,* 73 Ohio St.3d at 44–46, 652 N.E.2d at 199–200 (When a court lacks jurisdiction to convict a juvenile due to an improper bindover, the judgment of conviction it enters is void *ab initio,* and this jurisdictional defect cannot be waived.).

Fourth, appellant urges that this court's holding in *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 667 N.E.2d 1194 ("*Gaskins II* ") is inapplicable to this case. In *Gaskins I,* this court reversed the summary dismissal of a habeas corpus petition that alleged an improper bindover and ordered the court of appeals to allow the writ, require the warden to make a return, and determine whether bindover was improper. *Gaskins I,* 74 Ohio St.3d at 151, 656 N.E.2d at 1284. The warden filed a return that included the juvenile court's bindover entry, and the court of appeals denied the writ. *Gaskins II,* 76 Ohio St.3d at 380–381, 667 N.E.2d at 1195–1196. On appeal, this court affirmed the denial of the writ because the bindover entry established "full compliance with the bindover procedure," and the petitioner had adequate legal remedies to address his contentions assailing the accuracy of the bindover entry and seeking correction of the entry. *Gaskins II,* 76 Ohio St.3d at 382–383, 667 N.E.2d at 1196–1197. Appellant argues that this court in *Gaskins II* did not overrule any previous decisions, and that the discussion in *Gaskins II* concerning the adequacy of an alternative remedy is limited to cases where, following allowance of the writ and ordering a return, a bindover entry is submitted that is not contradicted by the record and establishes compliance with the bindover requirements, and the petitioner challenges the accuracy of the entry.

As a preliminary matter, we acknowledge that this court did hold in *Wilson* that, absent a proper bindover, the juvenile court has exclusive subject-matter jurisdiction over an alleged delinquent child. Furthermore, we acknowledge that a majority of this court did hold in *Gaskins I* and *Harris* that a habeas corpus petition alleging that the sentencing court lacked jurisdiction over the petitioner due to an improper bindover states a potentially good cause of action in habeas corpus.

Upon initial consideration of the points raised in appellant's four major arguments, there does appear to be some individual merit in some aspects of appellant's position. However, a thorough examination of the record and a consideration of the interplay of the component arguments applied to the

circumstances of this case compel an opposite result from that sought by appellant.

The general rule is that habeas corpus relief is not available where there is an adequate remedy at law. See *Gaskins II,* 76 Ohio St.3d at 383, 667 N.E.2d at 1197; *Luchene v. Wagner* (1984), 12 Ohio St.3d 37, 39, 12 OBR 32, 33–34, 465 N.E.2d 395, 396; *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 186, 652 N.E.2d 746, 748. It is true that in the past this court has carved out a limited exception to this general rule, to apply when the habeas petitioner is challenging the jurisdiction of the court that sentenced him. Some of these cases have involved an alleged improper bindover. See, *e.g., Gaskins I,* 74 Ohio St.3d at 151, 656 N.E.2d at 1284; *Harris,* 76 Ohio St.3d at 195, 667 N.E.2d at 2–3. Other cases have involved allegations of various types of jurisdictional defects, in different contexts. See, *e.g., In re Lockhart,* 157 Ohio St. at 195, 47 O.O. at 131, 105 N.E.2d at 37, and at paragraph three of the syllabus.

However, based upon the specific circumstances of this case, we need not revisit the propriety of upholding the continuing validity of this exception in bindover cases, nor need we consider whether only certain types of bindover challenges should be subject to the exception. The situation presented here is fundamentally distinguishable from cases such as *Gaskins I* and *Harris;* hence, the exception does not apply.

The key deficiency in appellant's position is that in actuality he is not challenging the bindover; he is instead challenging the validity of subsequent events that took place *after* a technically correct bindover occurred. The bindover proceedings and entry, relative to the four points discussed above, did comply with applicable bindover procedures. Although the juvenile court may have transferred appellant only on the charges involving Robinson, appellant was correctly bound over on those charges. Appellant's arguments in his first proposition of law instead go to the propriety of his subsequent indictment, conviction, and sentencing *after* the bindover occurred.

Once appellant was properly bound over, the common pleas court had jurisdiction to proceed. It was only at the time of the proceedings in the common pleas court that possible error occurred, in that appellant had been bound over on charges involving Robinson and was prosecuted on the charges involving Jones. This consideration does not affect the essential validity of the bindover.

This court has often held that " '[h]abeas corpus is an extraordinary remedy and as with every extraordinary remedy is not available as a means of relief where there is an adequate remedy in the ordinary course of the law.' " *Luchene,* 12 Ohio St.3d at 39, 12 OBR at 34, 465 N.E.2d at 396, quoting *In re Piazza* (1966), 7 Ohio St.2d 102, 103, 36 O.O.2d 84, 85, 218 N.E.2d 459, 459; see *In re Hunt* (1976), 46 Ohio St.2d 378, 75 O.O.2d 450, 348 N.E.2d 727, paragraph

two of the syllabus. Hence, we find that in this situation, habeas relief is not available, since appellant had a remedy by way of direct appeal of his indictment and conviction. Indeed, appellant possesses other alternative remedies that he may pursue to raise his claims regarding lack of adherence to the alleged requirements of the version of R.C. 2151.26 applicable to him. See, *e.g., Gaskins II,* 76 Ohio St.3d at 383, 667 N.E.2d at 1197.

Accordingly, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

DOUGLAS, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., PFEIFER and COOK, JJ., dissent.

---

COOK, J., dissenting. I respectfully dissent from the judgment affirming the denial of Fryerson's habeas corpus petition. Fryerson's petition stated a potentially viable habeas corpus claim that was sufficient to withstand appellee's Civ.R. 12(B)(6) dismissal motion.

First, contrary to the majority's rationale, Fryerson *is* challenging the propriety of his bindover, and this challenge *is* jurisdictional. R.C. 2151.26 and 2151.23(H)(1) confer jurisdiction on the bindover transferee court, *i.e.,* the general division of the common pleas court, only for the ***"offense that was the basis of the transfer of the case for criminal prosecution."*** (Emphasis added.) Based on the plain language of these provisions, Fryerson's sentencing court lacked jurisdiction to try, convict, and sentence him for the offenses allegedly committed when he was a child that were not "the basis of the transfer of the case for criminal prosecution."

In *State v. Adams* (1982), 69 Ohio St.2d 120, 23 O.O.3d 164, 431 N.E.2d 326, we held that once a child is properly transferred to the general division of a common pleas court for one felony, the child is bound over for all felonies, even if the other felonies had not been subject to transfer proceedings. Effective January 1, 1996, however, the General Assembly amended R.C. 2151.26 by, among other things, adding language that superseded, in part, the *Adams* holding. See Section 3(B), Am.Sub.H.B. No. 1, 146 Ohio Laws, Part I, 1, 96[2]; see, generally, Kurtz &

---

1. Because appellant has not raised a viable claim in habeas corpus to challenge his conviction, his second proposition, asserting that the court of appeals erred in dismissing his constitutional claim, also has no merit. Likewise, any other arguments not discussed in this opinion that appellant wishes to make regarding the proceedings below must be raised in the other forms of relief available to him.

2. Section 3(B) of Am.Sub.H.B. No. 1 provides:

Giannelli, Ohio Juvenile Law (1998) 208–209, Section 19.22; cf. *Adams* at paragraph one of the syllabus. Based on the amended version of R.C. 2151.26, in effect at the time that Fryerson committed the offenses charged, Fryerson's sentencing court lacked jurisdiction to try him for offenses against Jones because these offenses were not the basis of the bindover by the juvenile court. R.C. 2151.26 and 2151.23(H)(1).

Second, contrary to the conclusion of the court of appeals and appellee's contentions, our holding in *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 667 N.E.2d 1194 ("*Gaskins II*") is inapposite. *Gaskins II*'s finding of an adequate remedy is restricted to cases in which a bindover entry, submitted following the allowance of the writ and uncontroverted by the record, establishes compliance with the bindover requirements and the habeas corpus petitioner merely challenges the accuracy of the entry. Unlike *Gaskins II,* the bindover entry here did not establish compliance with the applicable bindover requirements. This entry, which is attached to Fryerson's petition, instead establishes that the juvenile court transferred only the charges involving Robinson, and did not transfer the charges involving Jones.

Finally, because Fryerson's petition alleged a jurisdictional defect, habeas corpus is an appropriate remedy. The " ' "very nature of the writ [of habeas corpus] demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected." ' " *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30. By far the "most common situation in which the writ of habeas corpus will issue is when the petition successfully attacks the jurisdiction of the sentencing court." *State ex rel. Jackson v. McFaul* (1995), 73 Ohio St.3d 185, 187, 652 N.E.2d 746, 748. No other alternative remedy precludes the writ in these circumstances. See, *e.g., Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 151, 656 N.E.2d 1282, 1284; *State ex rel. Harris v. Anderson* (1996), 76 Ohio St.3d 193, 195, 667 N.E.2d 1, 2–3; *Pegan v. Crawmer* (1996), 76 Ohio St.3d 97, 99–100, 666 N.E.2d 1091, 1094; *In re Lockhart* (1952), 157 Ohio St. 192, 195, 47 O.O. 129, 131, 105 N.E.2d 35, 37, and paragraph three of the syllabus.

Based on the foregoing, the court of appeals erred in denying the writ. In fact, the majority concedes that "there does appear to be some individual merit in some aspects of appellant's position." But the majority then attempts to distinguish this case from our habeas corpus precedent concerning bindover challenges,

---

"The General Assembly hereby declares that its purpose in enacting the language in division (B) of section 2151.011 and divisions (B) and (C) of section 2151.26 of the Revised Code that exists on and after the effective date of this act is to overrule the holding in *State v. Adams* (1982), 69 Ohio St.2d 120 [23 O.O.3d 164, 431 N.E.2d 326], regarding the effect of binding a child over for trial as an adult."

a purported distinction that appellee does not raise, that the court of appeals did not find, and that this court should not find persuasive. As noted previously, the court of appeals and appellee instead relied on a misinterpretation of our holding in *Gaskins II*. Therefore, Fryerson alleged a potentially viable habeas corpus claim, *i.e.*, that under the applicable versions of R.C. 2151.26 and 2151.23, his sentencing court lacked jurisdiction to try, convict, and sentence him on the offenses against Jones, *i.e.*, offenses which were not the basis of his bindover. The judgment of the court of appeals should be reversed, the court of appeals should allow the writ, and appellee should file a return. Because the majority does not do so, I dissent.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.