OPINION
Defendant-appellant Lafette Fryerson challenges his convictions in the Cuyahoga County Common Pleas Court's General Division for offenses that occurred when he was a juvenile. His appeal asserts that it was error to try him as an adult on charges that were not bound over from the Juvenile Division. He also asserts numerous other errors that allegedly occurred during the course of the trial proceedings. Because we agree that Fryerson was prosecuted on charges that were not bound over from the Juvenile Division, we must conclude, under State v. Wilson (1995) 73 Ohio St.3d 40, that the subsequent proceedings against him in the General Division were void ab initio. Pursuant to Wilson and State v.Golphin (1998), 81 Ohio St.3d 543, we reverse the judgment and remand the matter to the General Division with instructions that the judgment of conviction against Fryerson be vacated and, upon implementation of that mandate, the matter must then be further remanded to the Juvenile Division for adjudication of the matters raised in the delinquency complaint, including possible resumption of bindover procedures.
The matter before us relates to the first of two separate incidents that occurred in January 1996. Thomas Jones testified that at about 11:00 p.m. on January 26, 1996, he drove his 1989 Buick to a store located at East 131st Street and Harvard in Cleveland, Ohio. Upon exiting the store about ten minutes later, Jones observed six to eight people, including Fryerson, whom Jones recognized from the neighborhood. Fryerson was wearing a black leather jacket and a black skull cap. Jones testified that Fryerson approached from behind and grabbed Jones around the neck in a choke hold. Dropping the two bags he had been carrying, Jones attempted to pull Fryerson's arm away and asked why Fryerson was choking him. Not releasing his hold, Fryerson demanded Jones's car keys. Jones reached into his pocket to retrieve his car keys and tossed them towards a dumpster.
While Fryerson continued to choke Jones, two other males who had been standing to the side began rummaging through Jones's pockets, saying, "Where the money at? Where the money at?" They took $80 from Jones's pockets and Fryerson told one of those males to retrieve Jones's car keys. After continuing to choke Jones to the point where Jones began to lose his breath, Fryerson finally let go his grasp and with his accomplices drove away in Jones's car.
After the suspects fled, Jones returned to the store to call the police and waited at the store for a time. When the police did not respond, he began to walk home. While walking home, Jones observed Cleveland police officers on patrol and flagged down their vehicle. After Jones identified himself, the officers briefly canvassed the area with Jones to look for his car. Because the car could not be located, the police drove Jones home.
Shortly thereafter, in the early morning hours of January 27, 1996, Lawrence Robinson was going to a store in the area of East 131st Street and Harvard when two males approached him and one of them put a gun to Robinson's head. The males took Robinson to a nearby driveway and took his money. When Robinson and one of the males began tussling, the other male shot Robinson in the left thigh. Within about five minutes after the shooting, Cleveland police officers responded to the area. Robinson told them that one of his assailants was wearing a black leather coat, dark jeans and a ski mask.
Not long after receiving a description of the assailants from Robinson, Cleveland police officers observed a 1989 Buick that matched the description of Thomas Jones's vehicle. A brief pursuit ensued until the Buick, failing to negotiate a turn at East 123rd Street and Corlett, crashed into a fence. Fryerson, the driver, and an occupant bailed out of the car, but Fryerson, wearing a black leather coat and dark jeans, was apprehended after a foot chase.
On January 30, 1996, complaints against Fryerson were filed in the Juvenile Division of the Cuyahoga County Common Pleas Court, alleging that Fryerson, then age sixteen, was a delinquent child for committing acts against Lawrence Robinson that would constitute kidnaping, R.C. 2905.01(A)(2), with a firearm specification; aggravated robbery, R.C. 2911.01(A)(1), with a firearm specification; and felonious assault, R.C. 2903.11(A)(2), with a firearm specification. The complaints further alleged that Fryerson was a delinquent child for committing acts that would constitute a failure to comply with a police officer's order or signal, R.C. 2921.331, and receiving stolen property, R.C.2913.51(A), in connection with Thomas Jones's 1989 Buick.
A bindover hearing pursuant to R.C. 2151.26 and Juv.R. 30 commenced on March 12, 1996 and resumed on April 16, 1996. Just before the hearing commenced on March 12, 1996, the prosecutor made an oral motion to amend the complaint alleging receiving stolen property to aggravated robbery, R.C. 2911.01. The juvenile court denied that motion and proceeded to conduct a probable cause hearing on the complaints as filed.
At the close of the hearing on April 16, 1996, the court ordered the mandatory bindover of Fryerson to the General Division of the Cuyahoga County Common Pleas Court pursuant to R.C. 2151.26 for trial as an adult on the charges alleging acts that would be kidnaping, R.C. 2905.01(A)(2), and aggravated robbery, R.C. 2911.01(A)(1), had Fryerson been an adult. The court's order was journalized on June 10, 1996. The Juvenile Court's order made no express disposition as to the othercomplaints filed against Fryerson, and in particular made no disposition of the complaint relating to the theft of Jones'scar.
On July 1, 1996, a Cuyahoga County grand jury indicted Fryerson in Case No. 340376 for having committed aggravated robbery, R.C.2911.01, with a firearm specification, for the offense committed against Thomas Jones. The indictment further charged Fryerson with kidnaping, R.C. 2905.01; aggravated robbery, R.C. 2911.01; and felonious assault, R.C. 2903.11, with various specifications, for offenses committed against Lawrence Robinson. The indictment further charged Fryerson with failing to comply with a police officer's order or signal, R.C. 2921.331, and possessing criminal tools, R.C. 2923.24.
While pretrial proceedings were occurring in that case, Fryerson was separately indicted in Case No. 344010 on October 17, 1996, for one count of robbery, R.C. 2911.02, and one count of grand theft motor vehicle, R.C. 2913.02, both offenses arising in connection with crimes committed against Thomas Jones. According to an order journalized on October 25, 1996, Fryerson was arraigned on these charges on October 21, 1996, and trial was set for October 22, 1996.
On October 21, 1996, at the state's request, the court dismissed Case No. 340376, noting in an October 24, 1996 order that Fryerson had been re-indicted under Case No. 344010. An October 25, 1996 journal entry records the disposition of Case No. 340376 as a nolle prosequi.
On October 22, 1996, jury trial proceedings in Case No. 344010 commenced. Fryerson was convicted of robbery, R.C. 2911.02, and theft, R.C. 2913.02, the offenses arising in connection with crimes committed against Thomas Jones. On November 7, 1996, the court sentenced Fryerson to a term of eight years to fifteen years, with eight years actual time, on Count 1 and to a two-year term on Count 2, to run concurrently with Count 1.
Fryerson appealed, but his appeal was stayed pending Fryerson's application for a writ of habeas corpus. The Belmont County Court of Appeals dismissed Fryerson's petition. Holding that Fryerson had an adequate remedy at law, the Supreme Court of Ohio affirmed, State ex rel. Fryerson v. Tate (1999),84 Ohio St.3d 481, and denied Fryerson's motion for reconsideration, State ex rel. Fryerson v. Tate (1999),85 Ohio St.3d 1448. The stay of this appeal was thereafter lifted and the matter is now before us.
Because Fryerson's first two assignments of error challenge the validity of his prosecution on charges that were not bound over from the Juvenile Division to the General Division, we will address them jointly. They assert:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS TRIED AS AN ADULT WHEN THE CRIME FOR WHICH HE WAS INDICTED WERE [SIC] NEVER BOUND OVER FROM THE JUVENILE COURT.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS TRIED AS AN ADULT WITHOUT A PROPER BINDOVER FROM JUVENILE COURT.
These assignments of error are well taken.
The Juvenile Division of the Court of Common Pleas has exclusive original jurisdiction under the Ohio Revised Code concerning any child who, on or about the date specified in the complaint, is alleged to be a delinquent child for committing an act that would be an offense if committed by an adult. R.C.2151.23(A)(1); 2151.25.[1] Before such an individual may be tried as an adult, the matter must be bound over by the Juvenile Division to the General Division pursuant to R.C. 2151.26 and Juv.R. 30. See State v. Golphin (1998), 81 Ohio St.3d 543. In the absence of a valid bindover, however, the juvenile court retains exclusive jurisdiction over the charged act. In State v. Wilson
(1995), 73 Ohio St.3d 40, the court's syllabus states:
 1. Absent a proper bindover procedure pursuant to R.C. 2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent. (R.C. 2151.23, 2151.25 and 2151.26(E), applied.)
 2. The exclusive subject matter jurisdiction of the juvenile court cannot be waived.
See also State ex rel. Harris v. Anderson (1996), 76 Ohio St.3d 193,195.
In the case before us, it is clear that the complaints charging Fryerson with acts relating to Lawrence Robinson which would have constituted kidnaping, R.C. 2905.01, with a firearm specification, and aggravated robbery, R.C. 2911.01, with a firearm specification, were subject to a mandatory bindover under R.C. 2151.26(B). It is also clear, however, that the complaint charging Fryerson with the act that would have constituted receipt of stolen property, R.C. 2913.51, relating to ThomasJones, was not subject to a mandatory bindover under R.C.2151.26(B).[2]
The Juvenile Court's judgment entry transferring the matter to the General Division confirms that the acts upon which the transfer was based were only those charges relating to Robinson and not the charge relating to Jones. The court's entry states, in part:
 Upon the conclusion of all evidence presented relating to the matter herein and the arguments of counsel, the court finds that the child was 16 years of age at the time of the conduct charged and that there is probable cause to believe that the child committed an act that would be the crime of kidnapping [sic], in violation of O.R.C. 2905.01(A)(2), and aggravated robbery, in violation of O.R.C. 2911.01(A)(1), if committed by an adult.
Fryerson was subsequently indicted in Case No. 340376 on charges relating to both the Robinson and the Jones incidents. When Fryerson was re-indicted in Case No. 344010, those charges related only to the Jones incident and all charges relating to the Robinson incident were dismissed in Case No. 340376. Fryerson was ultimately tried and convicted on only those charges related to the Jones incident.
The record clearly shows that Fryerson was bound over only on those charges relating to the Robinson matter and not on charges pertaining to the Jones incident. For its part, the State insists that the charges relating to Jones were before the Juvenile Court at the time of the bindover proceeding so that the transfer of the Robinson charges effectively transferred the Jones charges as well. While that may have been the law at one time, that no longer appears to be the case.
In State v. Adams (1982), 69 Ohio St.2d 120, the court held that after a child is properly bound over to the general division for a felony, the child is bound over for all felonies, even if the other felonies were not the subject of the transfer proceedings. Effective January 1, 1996, however, the General Assembly enacted Am.Sub.H.B. No. 1, amending the applicable statutes so as to supersede Adams, stating at Section 3(B):
 The General Assembly hereby declares that its purpose in enacting the language in division (B) of section 2151.011 and divisions (B) and (C) of section 2151.26 of the Revised Code that exists on and after the effective date of this act is to overrule the holding in State v. Adams
(1982), 69 Ohio St.2d 120, regarding the effect of binding a child over for trial as an adult.
See 146 Ohio Laws, Part I, 1, 96.
As a consequence of those amendments, which govern the offenses Fryerson is alleged to have committed on January 26 and/or 27, 1996, the transferee court had jurisdiction to hear and determine criminal offenses derived from a charged act that was transferred for criminal prosecution under R.C. 2151.26(B) or (C), but did not have jurisdiction to adjudicate criminal offenses derived from a charged act that was not the basis of the transfer. See R.C. 2151.23(H)(1); 2151.26(E); 2151.26(F). It follows that while the General Division would have had jurisdiction to hear and determine those offenses relating to Robinson that were transferred pursuant to R.C. 2151.26(B), the transferee court did not have authority to adjudicate charges that were not the basis of the bindover by the juvenile court.
Citing State ex rel. Fryerson v. Tate (1999),84 Ohio St.3d 481, where the court's majority refused Fryerson's petition for habeas corpus, the State asserts that Fryerson
determined that Fryerson's bindover was valid. We disagree. WhileFryerson found that Fryerson was properly bound over because of the charges relating to Robinson, Fryerson did not determine that Fryerson was properly bound over on any charges relating toJones. All the court said regarding the Jones charges was that Fryerson had an adequate remedy at law through a direct appeal and, therefore, his petition for habeas corpus was correctly denied.
The State alternatively asks us to find that the juvenile court had sufficient information before it so that it could have ordered a discretionary bindover under R.C. 2151.26(C). In that case, the State urges us to follow State v. Douglas (1985),20 Ohio St.3d 34, 36, where the court said that "as long as sufficient, credible evidence pertaining to each factor [enumerated in Juv.R. 30(E)] exists in the record before the court, the bind-over order should not be reversed in the absence of an abuse of discretion." We are not persuaded by the State's argument.
First, there is no indication that the State asked the Juvenile Court to effect a discretionary transfer under R.C. 2151.26(C) and Juv.R. 30(C) of the charges relating to Jones. Nor is there any indication that the Juvenile Court considered whether Fryerson was amenable to rehabilitation within the juvenile system.
Moreover, the absence of any investigation, including a mental examination of the juvenile, before the bindover hearing forecloses us from finding a valid discretionary bindover. InState v. Golphin (1998), 81 Ohio St.3d 543, the court held that because there was no indication that an investigation or examination of the juvenile was performed before bindover, as R.C. 2151.26(C) and Juv.R. 30 required, there was no valid bindover of the juvenile and the subsequent proceedings in the common pleas court were void ab initio.
Similarly, the record before us fails to suggest that there had been any investigation and mental examination of Fryerson before the bindover hearing. Indeed, "[a] mental examination is an indispensable component underlying a bindover decision and clearly serves an important purpose — it aids in evaluating a juvenile's amenability to treatment within the juvenile system."State v. Golphin, supra, 81 Ohio St.3d at 549 (Resnick, J., concurring in part and dissenting in part). This record would not permit the Juvenile Court to order a discretionary transfer under R.C. 2151.26(C) or Juv.R. 30; we assuredly cannot do so now.
Because there was no valid transfer of the charged act relating to Thomas Jones from the Juvenile Division to the General Division, the General Division lacked jurisdiction to adjudicate the criminal charges derived from that charged act. It follows that the prosecution of Fryerson as an adult in the General Division on the Jones charges was void ab initio. Consistent withState v. Golphin, supra, and State v. Wilson, supra, we must therefore reverse the judgment and remand this matter to the General Division with instructions that the judgment of conviction against Fryerson be vacated and, upon completion of that mandate, the matter be further remanded to the Juvenile Division for adjudication of the matters raised in the delinquency complaint, including possible resumption of bindover procedures.[3]
The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J,. and JAMES M. PORTER, J., CONCUR.
 ___________________________________ DIANE KARPINSKI PRESIDING JUDGE
[1] Fryerson's date of birth is February 16, 1979, and there is no dispute that he was to be considered a "child" as that term was defined by R.C. 2151.011(B)(1)(a) at the time.
[2] We noted previously that just before the hearing commenced on March 12, 1996, the prosecutor orally requested that the complaint charging receipt of stolen property be amended to aggravated robbery, R.C. 2911.01, which, if granted, could have been subject to a mandatory bindover under R.C. 2151.26(B). The juvenile court denied the prosecutor's request.
[3] Our disposition of Fryerson's first two assignments of error makes it unnecessary and inappropriate for us to address his remaining thirteen assignments of error. See App.R. 12(A)(1)(c).