{¶ 22} I respectfully dissent. I do not agree with the majority that the judgment of the trial court should be affirmed.
 {¶ 23} In the instant matter, appellant was sentenced and was serving his sentence, which did not include postrelease control. An anonymous letter later contended that appellant was not advised of postrelease control at his original sentencing hearing. The state did not file a timely appeal of the original sentence which was its option. Rather, the trial court resentenced appellant, including notification of postrelease control. This writer believes that the trial court lacked jurisdiction to resentence him to postrelease control based on the facts presented.
 {¶ 24} The Supreme Court of Ohio in Jordan, supra, at ¶ 22, stated: *Page 8 
 {¶ 25} "* * * if a trial court has decided to impose a prison term upon a felony offender, it is duty-bound to notify that offender at the sentencing hearing about postrelease control and to incorporate postrelease control into its sentencing entry, which thereby empowers the executive branch of government to exercise its discretion. SeeWoods v. Telb, 89 Ohio St.3d [504,] at 512-513 * * *. Stated differently, even in cases under R.C. 2967.28(C) where the General Assembly has granted the Adult Parole Authority discretion to impose postrelease control, a sentencing trial court must notify the offender about postrelease control and include it in its judgment entry. Therefore, the distinction between discretionary and mandatory postrelease control is one without a difference with regard to the duty of the trial court to notify the offender at the sentencing hearing and to incorporate postrelease control notification into its journal entry. See R.C.2967.28(B) and (C)." (Parallel citation omitted).
 {¶ 26} Separation of powers and jurisdiction are at the essence ofWoods, supra. "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing. See R.C.2953.08(G)(2). * * * Furthermore, where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant. See State v. Beasley (1984),14 Ohio St.3d 74 * * *." Jordan, supra, at ¶ 23. (Parallel citation omitted).
 {¶ 27} However, in this matter, there is no evidence of a mandatory requirement that a defendant actually be sentenced to a term of postrelease control. The parole *Page 9 
board has, in its discretion, the ability not to assign postrelease control to a defendant. However, without notice to the defendant and an inclusion in the trial court's judgment entry, the parole board, an arm of the executive branch, loses its authority to impose any sentence of postrelease control.
 {¶ 28} On its face, the sentence contained within the judgment entry of the trial court, in and of itself, is not contrary to law. As such, it is not void but voidable upon appeal. Void is defined as "[o]f no legal effect; null[,]" whereas voidable means "[v]alid until annulled[.]" Black's Law Dictionary (8 Ed.Rev.2004) 1604-1605. A void judgment may be challenged at any time. State v. Wilson (1995),73 Ohio St.3d 40, 45-46. "Although a void judgment may be subject to collateral attack, a judgment that is merely voidable is not." State v.Montgomery, 6th Dist. No. H-02-039, 2003-Ohio-4095, at ¶ 8. As the instant appeal dealt with a voidable judgment, I would reverse the judgment of the trial court. *Page 1