OPINION *Page 2 
{¶ 1} Petitioner has filed a Complaint for Writ of Habeas Corpus alleging he is being unlawfully restrained of his liberty due to the imposition of post-release control by the trial court. Respondent has not filed an answer.
 {¶ 2} On October 22, 2004, Petitioner plead guilty to two counts of Unlawful Sexual Conduct with a Minor, felonies of the third degree, in violation of Ohio Revised Code Section 2907.04(C). Petitioner alleges he entered a plea agreement wherein he was to receive a sentence of three years without the imposition of post-release control.
 {¶ 3} The trial court's sentencing entry dated October 29, 2007 reads in part,
 {¶ 4} "The Court has further notified the Defendant that post-release control is mandatory in this case up to a maximum of 5 years, as well as the consequences for violating conditions of post-release control imposed by the Parole Board under Revised Code Section 2967.28. The Defendant is ordered to serve as part of this sentence any term of post-release control imposed by the Parole Board, and any prison term for violation of that post-release control."
 {¶ 5} Petitioner has also provided the Court with a transcript of the sentencing proceedings. First, in contrast to the Petitioner's assertions to the contrary, the transcript does not reveal a negotiated sentence as part of the plea agreement. The State recommended a sentence of three years, and the Petitioner requested probation. The trial court sentenced the Petitioner to a term of three years in prison on each count to be served concurrent with each other but consecutive to any other term of imprisonment apparently arising out of the Petitioner's violation of post-release control from an earlier case. The transcript does not contain any oral imposition of post-release control in the instant case although the sentencing entry does contain the imposition of post-release control. *Page 3 
 {¶ 6} "A writ of habeas corpus is warranted in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty and there is no adequate remedy in the ordinary course of law."Johnson v. Timmeman-Cooper (2001), 93 Ohio St.3d 614, 616,757 N.E.2d 1153, quoting, Pegan v. Crawmer (1996), 76 Ohio St.3d 97, 99,666 N.E.2d 1091. Habeas corpus relief is not available where there is an adequate remedy at law. State ex rel. Fryerson v. late (1999), 84 Ohio St.3d 481,485, 705 N.E.2d 353.
 {¶ 7} Habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied. See generally, Heddleston v. Mack, 84 Ohio St.3d 213,1998-Ohio-320, 702 N.E.2d 1198; Garrett v. Wilson, L 2729847, *1-2 (Ohio App. 5 Dist.,2007).
 {¶ 8} The sentencing entry of October 24, 2004 very clearly contained the imposition of post-release control. Petitioner has or had an adequate remedy at law by way of direct appeal from the October 24, 2004 sentencing entry. Because an adequate remedy at law exists or existed, habeas corpus relief is not available. *Page 4 
 {¶ 9} WRIT DENIED.
Hoffman, P. J., Farmer, J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Habeas Corpus is hereby denied.
 Costs taxed to Petitioner. *Page 1