JOURNAL ENTRY AND OPINION
Appellant, Duncan Parham, is appealing the trial court's denial without a hearing of his motion for post-conviction relief. For the following reasons, we affirm.
On October 11, 1990, appellant was indicted for Aggravated Murder with a firearm specification. A journal entry dated January 11, 1991 indicates that at a pretrial, appellant knowingly and voluntarily waived his right to a jury trial. The entry states that appellant was represented by counsel and was advised of his constitutional rights. A written jury waiver form signed by appellant is in the file, but was not time stamped.
Appellant was found guilty as charged. The conviction was affirmed on appeal. See State v. Parham (Jan. 14, 1993), Cuyahoga App. No. 61349, unreported. On August 16, 1996, appellant filed a petition for post-conviction relief. The trial court issued findings of fact and conclusion of law, and dismissed the petition for post-conviction relief.
On February 20, 1998, appellant filed another petition for post-conviction relief. Appellant stated in his affidavit: His counsel told him to waive his right to a jury trial because, he would surely face an all white jury and no one would believe appellant anyway. His attorney said that if appellant exercised his right to a jury trial, the attorney would not represent appellant.
 I.
Appellant's first and third assignments of error will be considered together. They state:
 REVERSIBLE ERROR HAS OCCURRED IN THIS CASE. THE FAILURE OF THE TRIAL COURT TO ADHERE TO THE MANDATORY PROVISIONS OF THE REVISED CODE, R.C. SECTION 2945.05, DEPRIVED THAT COURT OF JURISDICTION TO TRY DEFENDANT PARHAM WITHOUT A JURY BECAUSE THE JURY WAIVER FORM WAS NOT FILED IN HIS CASE AND MADE PART OF THE RECORD AS REQUIRED BY R.C. SECTION 2945.05.
 IT IS REVERSIBLE ERROR, A VIOLATION OF THIS STATE'S FUNDAMENTAL TENET OF JUDICIAL REVIEW, AND A DENIAL OF DUE PROCESS TO APPLY THE DOCTRINE OF RES JUDICATA, A PROCEDURAL BAR, TO A CLAIM THAT THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY, WHICH IS ESTABLISHED BY EVIDENCE OUTSIDE THE RECORD ON DIRECT APPEAL.
The defendant must waive his right to trial by jury in a signed writing, filed with the court and made a part of the record. R.C. 2945.05. If the waiver does not strictly comply with R.C.2945.05, the trial court lacks jurisdiction to conduct trial. Statev. Pless (1996), 74 Ohio St.3d 333. If the written waiver is included in the record, but not time-stamped or admitted as an exhibit at trial, the court has not strictly complied with R.C.2945.05. State v. Ward (1996), 114 Ohio App.3d 722, 723.
Appellant raises his claim of violation of R.C. 2945.05 in a second motion for post conviction relief. If an issue was or could have fairly been raised on direct appeal without resort to evidence dehors the record, the doctrine of res judicata precludes consideration of the issue in a petition for post conviction relief.State v. Cole (1982), 2 Ohio St.3d 112, State v. Perry (1967),10 Ohio St.2d 175. The issue of whether the trial court strictly complied with R.C. 2945.05 could have been raised on appeal without resort to evidence dehors the record. In fact, failure to comply with jury waiver statute may be remedied only by direct appeal from conviction. Pless, supra; State v. Haliym (Mar. 12, 1998), Cuyahoga App. No. 72411, unreported.
A petitioner for postconviction relief is not precluded by resjudicata where the claim is that the conviction is void for lack of subject matter jurisdiction. State v. Bekovich (April 20, 2000), Cuyahoga App. No. 76053, unreported, citing State v. Wilson (1995),73 Ohio St.3d 40, 46, fn. 6. Pless states that a trial court "lacks jurisdiction" to try a defendant absent strict compliance with the jury waiver statute. The jurisdiction referred to by Pless is neither subject matter nor personal jurisdiction. Bekovich, supra.
Pless refers to a third form of jurisdiction called "jurisdiction of the particular case." Id. A petitioner for post-conviction relief is precluded by res judicata where the claim is lack of jurisdiction of the particular case. Id.
Appellant asserts that he could not have raised this issue on appeal, because Pless was decided subsequent to his direct appeal. R.C. 2945.05 which applied to appellant had been in effect since 1953. Appellant was not prevented from raising this claim on direct appeal.
Furthermore, this being appellant's second motion for post-conviction relief, the court can not entertain the petition unless:
(1) Either of the following applies:
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the . . . filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
R.C. 2953.23(A). Pless, supra was not a U.S. Supreme Court case, and was decided on Jan. 17, 1996, prior to the filing of appellant's first petition for post-conviction relief. Appellant certainly knew about his attorney's statements regarding the waiver of jury trial when he filed his first petition for post-conviction relief.
Accordingly, these assignments of error is overruled.
 II.
Appellant's second assignment of error states:
 IT IS A REVERSIBLE ERROR AND A DENIAL OF DUE PROCESS FOR ANY OHIO COURT TO APPLY TO DEFENDANT PARHAM, WHO WAS CONVICTED IN 1991, A PROCEDURAL RULE ESTABLISHED FIVE YEARS LATER, THAT A CLAIM THAT THE TRIAL COURT LACKED JURISDICTION TO TRY THE DEFENDANT WITHOUT A JURY BECAUSE THERE WAS NOT STRICT COMPLIANCE WITH R.C. SECTION 2945.05
CAN BE RAISED ONLY ON DIRECT APPEAL.
Appellant argues that the holding in Pless that appellant can only assert lack of compliance with R.C. 2945.05 on direct appeal should not apply to him, because he was tried before the Pless
decision. He asserts he previously had a right to raise a violation of R.C. 2945.05 in a post-conviction petition, and Pless
took away this right. According to appellant, application of the second paragraph of the syllabus in Pless would violate ex postfacto laws.
There was no judicial precedent prior to Pless recognizing a right to raise R.C. 2945.05 issues other than on direct appeal. No change of law by judicial construction occurred, and the ex postfacto clause was not violated. See State v. Garner (1995), 74 Ohio St.3d 49,58.
Additionally, appellant is barred from raising this argument, as it could have been raised in his first petition for post-conviction relief. See R.C. 2953.23(A), supra.
Accordingly, this assignment of error is overruled.
 III.
Appellant's fourth assignment of error states:
 IT IS A REVERSIBLE ERROR, A VIOLATION OF THE OHIO CONSTITUTION, ARTICLE 2 SECTION 1, AND A DENIAL OF DUE PROCESS TO APPLY THE PROCEDURAL BAR SET FORTH IN PLESS
WHERE THE COURT USURPED THE OHIO LEGISLATIVE AUTHORITY BY JUDICIALLY CREATING THIS PROCEDURAL BAR AND ELIMINATING THE LEGISLATIVE REMEDY PROVIDED UNDER R.C. SECTION 2953.21.
R.C. 2953.21 provides a remedy for judgments which are void or voidable. Ordinarily, a petitioner for post-conviction relief is not precluded by res judicata where the claim is that the conviction is void for lack of subject matter jurisdiction.State v. Bekovich (April 20, 2000), Cuyahoga App. No. 76053, unreported. Pless referred to lack of jurisdiction of the particular case. Id. Therefore, Pless did not usurp the General Assembly's power to establish a remedy in the post-conviction statute. Id.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SPELLACY, J., AND SWEENEY, J., CONCUR.
 _______________________________ ANN DYKE, ADMINISTRATIVE JUDGE