DECISION AND JUDGMENT ENTRY
This is an appeal from a Lawrence County Common Pleas Court judgment denying the motion to vacate and set aside judgment filed by Anthony A. Mootispaw, defendant below and appellant herein.
Appellant raises the following assignment of error for review:
 "WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND DEPRIVED APPELLANT OF HIS CONSTITUTIONAL AND STATUTORY RIGHT TO SEEK APPELLATE REVIEW OF A FINAL APPEALABLE JUDGMENT, THUS VIOLATING THE DUE PROCESS CLAUSES OF BOTH [THE] OHIO AND THE U.S. CONSTITUTIONS."
Our review of the record reveals the following facts pertinent to the instant appeal. On July 26, 1995, appellant entered a guilty plea to one count of aggravated vehicular homicide. Appellant did not appeal his conviction.
On September 19, 1996, appellant filed a petition for postconviction relief. One of appellant's claims asserted that appellant did not knowingly, voluntarily, and intelligently enter his guilty plea. The trial court, finding that appellant knowingly, voluntarily, and intelligently entered his guilty plea, dismissed appellant's petition. Appellant did not appeal the trial court's judgment dismissing his petition for postconviction relief.
On May 12, 1997, appellant filed a motion to withdraw his July 26, 1995 guilty plea. The trial court denied appellant's motion. Appellant appealed the trial court's decision and this court affirmed the trial court's judgment. See State v. Mootispaw (Mar. 26, 1998), Lawrence App. No. 97 CA 26, unreported. We concluded that the doctrine of res judicata
barred appellant's challenge to his guilty plea.
On October 28, 1999, nearly four and one-half years after appellant's conviction, appellant filed a second motion to withdraw his guilty plea. Appellant argued that his plea agreement "has been effectively breached by the Ohio Adult Parole Authority who re-visited the counts that the State agreed to dismiss `nolle pros[equi]' in the negotiated contractual plea agreement." On November 12, 1999, the trial court denied appellant's motion to withdraw his guilty plea. The trial court found no manifest miscarriage of justice.
On April 28, 2000, appellant filed a "Motion to Vacate Judgement Pursuant To: Ohio Rules of Civil Procedure, Rule 60(B)." (sic) In his motion, appellant alleged that due to a clerical error, he did not receive notice of the November 12, 1999 judgment. Thus, appellant asserted, he was deprived of the opportunity to file a timely notice of appeal. Appellant therefore requested the trial court to reenter its November 12, 1999 judgment in order to allow appellant to appeal directly from the judgment which denied appellant's motion to withdraw his guilty plea.
On May 25, 2000, the trial court denied appellant's motion to vacate the November 12, 1999 judgment. The trial court rejected appellant's argument that he did not receive proper service of the court's judgement. The court noted that the judgment entry contained a proof of service reflecting that the entry had, in fact, been served upon appellant by U.S. Mail, and that the mail had not been returned to the court. Appellant filed a timely notice of appeal from the trial court's judgment denying his motion to vacate.
In his sole assignment of error, appellant argues that the trial court erred by failing to grant appellant's motion to vacate the November 12, 1999 judgment. Appellant argues that the trial court's failure to vacate the judgment violates appellant's constitutional and statutory right to appeal from the denial of his motion to withdraw his guilty plea. We disagree with appellant.
The Second District Court of Appeals has recognized that a trial court may not, pursuant to Civ.R. 60(B), reenter a judgment "in order to circumvent the App.R. 4(A) limitation period for the filing of an appeal." See State v. Bernard (May 26, 2000), Montgomery App. No. 18058, unreported, discretionary appeal denied (2000), 90 Ohio St.3d 1418,735 N.E.2d 457. In Bernard, the defendant, like appellant in the case at bar, argued that the trial court should have granted his Civ.R. 60(B) motion and should have reentered the judgment in order to allow the defendant to file a timely appeal. The trial court granted the defendant's motion and reentered its judgment.
The court of appeals, however, reversed the trial court's decision to reenter its judgment. The court explained as follows:
 "Trial courts are precluded from vacating and reentering judgment in order to circumvent the App.R. 4(A) limitation period for the filing of an appeal. State v. Myers (Nov. 18, 1993), Cuyahoga App. No. 65309, unreported. Thus, the trial court lacked authority to vacate and reinstate its judgment in order to facilitate [the defendant's] appeal. As the state noted in its brief, [the defendant] could have filed a timely notice of appeal within thirty days of receipt of the trial court's June 7, 1999 entry pursuant to App.R. 4(A).
 Assuming arguendo the applicability of Civ.R. 60 to these proceedings, relief under Civ.R. 60(B) may not be granted solely to allow an appeal that is not otherwise timely. Kertes Ent., Inc. v. Orange Village Planning Zoning Comm. (1990), 68 Ohio App.3d 48, 49, 587 N.E.2d 409. Furthermore, the filing of [the defendant's] Civ.R. 60(B) motion would not have tolled the time for filing a notice of appeal. Carr v. Spencer (Nov. 5, 1999), Montgomery App. No. 17787, unreported."
Thus, the trial court in the case at bar did not have the authority to grant appellant's Civ.R. 60(B) motion and reenter its judgment solely to circumvent the App.R. 4(A) requirements for perfecting an appeal. Furthermore, we believe that the trial court properly concluded that appellant was not otherwise entitled to relief pursuant to Civ.R. 60(B). In GTE Automatic Elec. v. ARC Indus. (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus, the court set forth the requirements of a Civ.R. 60(B) motion:[1]
 "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *"
Civ.R. 60(B) does not require the movant to prove that he will ultimately prevail on the merits. Rather, the rule requires that the movant allege a meritorious defense or claim. Colley v. Bazell (1980), 64 Ohio St.2d 243,247 n. 3, 416 N.E.2d 605, 608. If the movant fails to satisfy any of the three GTE requirements, the trial court should overrule the motion.Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, 153, 518 N.E.2d 1208,1210; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648,651.
A trial court has broad discretion in ruling on a Civ.R. 60(B) motion. Accordingly, a reviewing court should not reverse a trial court's decision regarding a Civ.R. 60(B) motion absent an abuse of discretion.Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 66,479 N.E.2d 879, 882; Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418, 579 N.E.2d 234,238; LaBonte v. LaBonte (1988), 61 Ohio App.3d 209, 572 N.E.2d 704. An abuse of discretion will not be found when the reviewing court simply could maintain a different opinion were it deciding the issue de novo. An abuse of discretion indicates an attitude that is unreasonable, arbitrary, or unconscionable. AAAA Enterprises, Inc. v. River PlaceCommunity Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597, 601.
In the case sub judice, we do not believe that the trial court abused its discretion by denying appellant's motion for relief from judgment. The trial court found that appellant received proper notice of the November 12, 1999 entry and, thus, that appellant had not established entitlement to relief from judgment under one of the grounds stated in Civ.R. 60(B). We will not disturb the trial court's finding that appellant received proper notice of the November 12, 1999 judgment entry. See, e.g., State v. Medcalf (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268.
Moreover, we note that appellant previously appealed the trial court's denial of appellant's May 12, 1997 motion to withdraw a guilty plea. Resjudicata bars a litigant from raising issues that could have been raised in prior proceedings. See State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph 9 of the syllabus. Thus, appellant would not have a meritorious claim to present. The trial court did not err by failing to grant appellant's Civ.R. 60(B) motion for relief from judgment.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Evans, J.: Concur in Judgment Opinion
 ___________________________ Peter B. Abele, Judge
[1] Civ.R. 60(B) applies in postconviction relief proceedings, which are civil in nature. See State v. Sullivan (Dec. 23, 1999), Cuyahoga App. Nos. 74735 74736, unreported; see, also, State v. Wilson (1995),73 Ohio St.3d 40, 45 n. 6, 652 N.E.2d 196, 200; State v. Crowder (1991),60 Ohio St.3d 151, 154, 573 N.E.2d 652, 655; State v. Milanovich (1975),42 Ohio St.2d 46, 49, 325 N.E.2d 540, 542.