OPINION
Defendant-appellant, Lance Brown, appeals the judgment of the Butler County Court of Common Pleas, Juvenile Division, finding that the bindover of appellant's case to the general division of the common pleas court was mandatory.
The facts giving rise to these proceedings are generally not in dispute. On July 23, 1999, appellant, in the company of three other individuals, entered and robbed a Super America store in West Chester, Ohio. At the time of the robbery, appellant was sixteen years of age. During the robbery, one of the co-defendants, not appellant, was armed with a shotgun.
On September 10, 1999, Butler County juvenile court conducted a bindover proceeding to determine whether the case against appellant should be transferred to the general division of the common pleas court. The juvenile court determined that a bindover was mandatory, and the case was transferred to the general division. On October 21, 1999, the Butler County grand jury indicted appellant on one charge of aggravated robbery with a gun specification. On March 16, 2000, appellant entered a plea of no contest to the charges. The court found appellant guilty, and sentenced appellant to three years in prison on the aggravated robbery charge and an additional three years on the gun specification.
Appellant appeals the bindover proceeding, assigning the following as error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONCLUDED THAT THE BINDOVER TO THE GENERAL DIVISION OF THE COMMON PLEAS COURT WAS MANDATORY.
 The state sought a mandatory bindover of appellant under the provisions of R.C. 2151.26(B)(4)(b) which provides:
 (B) After a complaint has been filed alleging that a child is a delinquent child for committing an act that would be an offense if committed by an adult, the court at a hearing shall transfer the case for criminal prosecution to the appropriate court having jurisdiction of the offense if the child was fourteen years of age or older at the time of the act charged, if there was probable cause to believe that the child committed the act charged, and if one or more of the following applies to the child or the act charged:
* * *
 (4) The act charged is a category two offense, other than a violation of Section 2905.01 of the Revised Code, the child was sixteen years of age or older at the time of the commission of the act charged, and either or both of the following apply to the child:
* * *
 (b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm * * * to facilitate the commission of the act charged.
 It is undisputed, and the court made a specific finding, that appellant neither possessed nor had control of the firearm during the commission of the offense.
Subsequent to the decision of the juvenile court on the bindover, the Ohio Supreme Court answered the question of whether a juvenile complicitor who did not actually possess or control the firearm during the commission of the offense is subject to the mandatory bindover provided for in R.C. 2151.26(B)(4)(b). State v. Hanning (2000),89 Ohio St.3d 86.
The syllabus of Hanning reads as follows:
 1. The mandatory bindover provision of R.C. 2151.26(B)(4)(b) does not apply unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged.
 2. The complicity statute, R.C. 2923.03, does not apply to the juvenile bindover criteria set forth in R.C. 2151.26.
 Thus, the juvenile court erred when it found the bindover was mandatory.
When a juvenile court improperly transfers jurisdiction to the general division, the subsequent conviction in the general division of common pleas court is void for lack of jurisdiction. State v. Wilson (1995),73 Ohio St.3d 40.
The assignment of error of appellant is sustained. The judgment of the juvenile court is reversed and the cause is remanded to juvenile court with instructions to the court to consider the provisions of R.C.2151.26(C) to determine whether appellant should be bound over to the general division under the discretionary transfer provisions.
Judgment reversed and cause remanded.
VALEN and WALSH, JJ., concur.