DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas that sentenced appellant, Angela Montgomery, to a term of incarceration for non-support. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. On February 26, 2001, appellant was indicted on eight counts of non-support, four counts in violation of R.C. 2919.21(B) and four counts in violation of R.C. 2919.21(A)(2). Appellant was arrested on April 26, 2002, and entered a plea of not guilty. Counsel was appointed. On June 24, 2002, appellant entered a plea of guilty to two counts of non-support in violation of R.C. 2919.21(B), both fifth degree felonies; in exchange for her plea, the remaining six counts were dismissed. On July 30, 2002, the trial court sentenced appellant to 60 days in the Huron County jail and five years of community control.
 {¶ 3} On August 23, 2002, new counsel for appellant filed a notice of appearance as well as a motion for a new trial, a motion to withdraw plea and a motion to stay execution of sentence. Hearings on these motions were held on August 26 and 28, 2002. On August 30, 2002, the trial court denied appellant's motions. Appellant filed a timely notice of appeal and assigns the following as error:
 {¶ 4} "The trial court committed substantial, prejudicial and reversible error in denying Appellant's Motion for a New Trial and Motion To Withdraw Plea, and in its finding Appellant guilty of violating of R.C. 2919.21(B)."
 {¶ 5} In her assignment of error, appellant argues that the trial court erred in denying her motion for a new trial and motion to withdraw plea and in finding her guilty of violating of R.C. 2919.21(B) because the underlying child support order, entered in 1994, did not contain a child support calculation worksheet. Appellant asserts that this child support order is void and, therefore, cannot be the basis of a criminal action for non-support. Although this court agrees with appellant that the trial court erred in not including a child support computation work sheet as part of the record as required by R.C. 3113.215(D)(6) and Marker v. Grimm
(1992), 65 Ohio St.3d 139, paragraph one of the syllabus, this court finds no merit in this assignment of error.
 {¶ 6} Crim.R. 32.1 provides:
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." In applying Crim.R. 32.1, the Ohio Supreme Court held in Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one the syllabus, that a defendant who seeks to withdraw a plea of guilty after the imposition of sentence must establish the existence of manifest injustice.
 {¶ 8} Although appellant argues that the underlying child support order is void, this court disagrees. The difference between a void and a voidable order is at the crux of this appeal. A judgment rendered by a court without subject matter jurisdiction is void ab initio. Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph one of the syllabus. A void judgment may be challenged at any time. State v. Wilson (1995),73 Ohio St.3d 40, 45-46. Although a void judgment may be subject to collateral attack, a judgment that is merely voidable is not.
 {¶ 9} A voidable judgment is one rendered by a court having jurisdiction and although seemingly valid, is irregular and erroneous. Black's Law Dictionary (7 Ed. 1999) 848. A voidable judgment is subject to direct appeal, R.C. 2505.03(A), Article IV, Section 3(B)(2), Ohio Constitution, and to the provisions of Civ.R. 60(B). A Civ.R. 60(B) application for relief must be made to the trial court that rendered the judgment from which relief is sought. As the Eleventh District Court of Appeals noted in Clark v. Wilson (July 28, 2000), Trumbull App. No. 2000-T-0063:
 {¶ 10} "The distinction between `void' and `voidable' is crucial. If a judgment is deemed void, it is considered a legal nullity which can be attacked collaterally. Conversely, if a judgment is deemed voidable, it will have the effect of a proper legal order unless its propriety is successfully challenged through a direct attack on the merits. * * *"
 {¶ 11} There was no question that the trial court had subject matter jurisdiction over appellant's divorce and jurisdiction over the parties. The lack of personal or subject matter jurisdiction would have produced a void judgment. Appellant's assertion regarding the lack of a child support computation work sheet does not allege a jurisdictional error. Thus, the stipulated judgment entry is not void but voidable. A timely appeal of the March 28, 1994 entry would have addressed and resolved the issue of the lack of a child support computation worksheet. However, appellant did not appeal[1]. Instead, appellant waited until August 23, 2002, after she was sentenced following her guilty plea to two counts of non-support, to file her motions which collaterally attack the underlying child support order.
 {¶ 12} Upon a thorough review of the record in this case and the application of the above law, this court concludes that appellant has failed to establish the existence of manifest injustice and that the trial court did not abuse its discretion in denying appellant's motion for a new trial and post-sentence motion to withdraw her guilty plea and in finding her guilty of violating of R.C. 2919.21(B).
 {¶ 13} Accordingly, appellant's assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, this court affirms the judgment of the Huron County Court of Common Pleas. It is ordered that appellant pay court costs for this appeal.
 JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Judith Ann Lanzinger, J., CONCUR.
[1] One Ohio appellate court has found waiver of any error in the trial court's adoption of the parties' agreement without the inclusion of a child support computation worksheet when the party failed to appeal the lack of its inclusion. See Cozzone v. Keglovic (Jan. 24, 2001), 9th Dist. No. 19951, fn. 1, overruled on other grounds, Bender v. Bender
(July 18, 2001), 9th Dist. No. 20157.