[Cite as *State v. Bonner*, 2012-Ohio-1166.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

MICHAEL P. BONNER

    Appellant

C.A. No.    25950

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 04 07 2480

DECISION AND JOURNAL ENTRY

Dated: March 21, 2012

DICKINSON, Judge.

INTRODUCTION

{¶1} Michael Bonner arranged to buy approximately $11,000 worth of cocaine from an undercover detective. Officers arrested him immediately after he completed the purchase. The Grand Jury indicted him for trafficking in cocaine and possession of cocaine, and a jury found him guilty of possession of cocaine. The trial court sentenced him to seven years in prison. It also ordered the $11,000 forfeited. This Court affirmed his conviction and sentence. After the Ohio Supreme Court ordered him to be resentenced under *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, the trial court sentenced him to the same prison term, and this Court affirmed his sentence on appeal. In February 2011, the trial court corrected Mr. Bonner's sentence under Section 2929.19.1 of the Ohio Revised Code because it had not correctly imposed post-release control. In March 2011, Mr. Bonner moved to have the $11,000 returned to him, arguing that the trial court did not have jurisdiction to order the money forfeited. The State opposed his motion,

asserting that Mr. Bonner's argument was barred under the doctrine of res judicata. The trial court denied the motion without explanation. Mr. Bonner has appealed the denial of his motion for return of seized property. We affirm because the trial court had jurisdiction to order the money forfeited.

FORFEITURE

{¶2} Mr. Bonner's assignment of error is that the trial court incorrectly denied his motion for return of seized property. He has argued that, because the indictment did not contain a forfeiture specification, the trial court did not have jurisdiction to order the $11,000 forfeited. He has also argued that, because the trial court lacked jurisdiction to order the forfeiture, its judgment entry was void. He has further argued that, because the judgment entry was void, the doctrine of res judicata did not bar his motion. *See State v. Wilson*, 73 Ohio St. 3d 40, 45 n.6 (1995) (explaining that defendant's petition for post-conviction relief was not barred by the doctrine of res judicata because his judgment of conviction was void ab initio for lack of subject matter jurisdiction).

{¶3} At the time of his 2004 offense, Section 2925.42(A)(1)(b) of the Ohio Revised Code provided that "a person who is convicted of . . . a felony drug abuse offense . . . loses any right to the possession of property and forfeits to the state any right . . . the person may have in the property if . . . [t]he property was used . . . to commit . . . the felony drug abuse offense . . . ." Mr. Bonner has argued that the court did not have authority to order the $11,000 forfeited under Section 2925.42 because the indictment did not contain a specification, which was required under Section 2925.42(B)(1). Section 2925.42, however, was not the only forfeiture statute that existed at the time of Mr. Bonner's offense. Section 2933.41(C)(1) simultaneously provided that "[a] person loses any right that the person may have to the possession . . . of property if . . . [t]he

property was the subject, or was used in . . . the commission, of an offense . . . and the person is a[n] . . . offender with respect to the offense." That section allowed the "trial court, as part of [its] judgment of conviction, to order the forfeiture of property used in the commission of [the] offense." *State v. Hanauer*, 2d Dist. No. 14492, 1995 WL 259191 at \*2 (May 3, 1995). *See also State v. Grundy*, 9th Dist. No. 19016, 1998 WL 852844 at \*7 (Dec. 9, 1998) (concluding that trial court correctly ordered the State to dispose of a gun under Section 2933.41 because the gun was the subject of the carrying a concealed weapon charge for which the defendant had been convicted); *State v. Kohut*, 7th Dist. No. 00-C.A.-127, 2002 WL 265185, at \*2 (Feb. 19, 2002) (explaining that there was no formal procedure for forfeiture under Section 2933.41 because "forfeiture . . . [was] completely automatic once the property [was] identified as evidence and the accused [was] found guilty.").

{¶4} Because the trial court had jurisdiction under Section 2933.41(C) to order the $11,000 forfeited even without a specification in the indictment, its judgment entry is not void. Consequently, Mr. Bonner's remaining arguments are barred under the doctrine of res judicata because they could have been made in his initial appeal to this Court. *State v. Perry*, 10 Ohio St. 2d 175, paragraph nine of the syllabus (1967) ("[A] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant . . . on an appeal from that judgment."). Mr. Bonner's assignment of error is overruled.

CONCLUSION

{¶5} The trial court correctly denied Mr. Bonner's motion for return of seized property. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

CARR, P.J.
CONCURS

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MICHAEL BONNER, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.