[Cite as *State v. Hicks*, 2014-Ohio-1444.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 13AP-429 |
| | | (C.P.C. No. 12CR-1050) |
| Dejuan Hicks, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 3, 2014

*Ron O'Brien,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

*Todd Barstow,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Defendant-appellant, Dejuan Hicks, appeals from a judgment of the Franklin County Court of Common Pleas, convicting him of robbery with a firearm specification and sentencing him to three years in prison.

## A. Facts and Procedural History

{¶ 2} The prosecutor set forth the basic facts of the case during appellant's plea hearing. According to the prosecutor, at approximately 7:30 p.m. on December 10, 2011, Columbus police arrived at the home of the victim, Susan Carpening, to follow-up on her report of an assault and robbery that occurred earlier that day. Carpening told police the following: a male black assaulted and robbed her after she left a convenience store on Granville Street; her assailant approached her from behind and struck her on the back of the head; pushed her toward the rear of a nearby apartment complex and demanded

money; struck her with the black handgun both on the head and on the bridge of her nose; stepped on her hand when she reached to answer her cellular phone; reached into her bra and stole $106; and pointed his gun at her head and told her not to scream as he fled. Emergency personnel took Carpening to the hospital where she was treated for a broken nose and received stitches to close a wound on her head.

{¶ 3} Based upon surveillance video and Carpening's description of her assailant, police compiled a photographic array that included a photograph of appellant. After viewing the array, Carpening identified appellant as the man who had assaulted and robbed her. Columbus Police subsequently took appellant into custody and conducted an interview during which appellant denied any involvement in the crime. However, in later discussions with his juvenile probation officer, appellant admitted his involvement in a crime that was remarkably similar to the assault and robbery of Carpening.

{¶ 4} On December 13, 2011, the State filed a delinquency complaint in Juvenile court alleging that appellant committed aggravated robbery, robbery, and kidnapping. On February 27, 2012, a juvenile court judge conducted a bind-over hearing pursuant to R.C. 2152.12. On February 28, 2012, the juvenile court determined that the transfer of the case from the juvenile division was mandatory pursuant to R.C. 2152.12(A)(1)(b)(ii), based upon the following: appellant was 17-years old at the time of the commission of the offense; probable cause existed that appellant committed aggravated robbery, a Category Two Offense; and appellant possessed and used a firearm during the commission of the offense.

{¶ 5} Thereafter, on March 12, 2012, a Franklin County Grand Jury indicted appellant on the additional charges of felonious assault and a three-year firearm specification. Appellant initially entered a plea of not guilty but subsequently accepted a negotiated plea. On February 20, 2013, the trial court conducted a hearing on appellant's change of plea and, as a result of the hearing, appellant pleaded guilty to robbery with a firearm specification. The prosecutor filed a nolle prosequi as to the remaining charges. The parties submitted a joint sentencing recommendation to the trial court of three years for robbery and one year for the firearm specification.

{¶ 6}   The trial court scheduled a sentencing hearing for March 6, 2013. However, on the date of the hearing, new counsel entered an appearance on behalf of appellant. The trial court continued appellant's sentencing hearing to April 22, 2013, but revoked his bond. Thereafter, on March 28, 2013, appellant filed a motion to withdraw his guilty plea. According to the parties, the trial court denied the motion at a hearing held on April 9, 2013.[1] At the April 22, 2013 sentencing hearing, the trial court imposed the sentence previously recommended by the parties. Appellant filed a timely notice of appeal from the judgment of the trial court.

## B. Assignments of Error

{¶ 7}   Appellant appeals from the Franklin County Court of Common Pleas, assigning the following as error:

> I.   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT REMANDING APPELLANT TO THE FRANKLIN COUNTY DOMESTIC RELATIONS/JUVENILE COURT FOR FURTHER PROCEEDINGS AS REQUIRED BY STATUTE.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO CONDUCT A HEARING ON APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

## C. Standard of Review

{¶ 8}   Juvenile courts have exclusive original jurisdiction over any person under age 18 alleged to be delinquent for committing acts that would constitute a criminal offense if committed by an adult. *State v. Golphin,* 81 Ohio St.3d 543, 545 (1998). A juvenile offender may not be tried as an adult unless the juvenile court transfers jurisdiction of the matter to an adult court. *Id.* Absent a proper bind-over proceeding in the juvenile court, the common pleas court lacks subject-matter jurisdiction over the case and any conviction obtained there is void ab initio. *State v. Wilson,* 73 Ohio St.3d 40, 44 (1995).

---

[1] Although the parties maintain that a transcript of the April 9, 2013 hearing is part of the supplemental record filed by the State on August 29, 2013, we note that the State's filing contains only two transcripts: one from the April 22, 2013 sentencing hearing; and the other from the February 20, 2013 hearing on appellant's change of plea.

{¶ 9} The issue of a juvenile court's subject matter jurisdiction cannot be waived. *In re Graham*, 147 Ohio App.3d 452, 457-58, 2002-Ohio-2407, ¶ 30 (7th Dist.2002). The failure of a party to challenge a court's subject matter jurisdiction over a juvenile does not confer jurisdiction on a court where none exists. *Id.*, citing *State v. Wilson,* 73 Ohio St.3d 40, 46 (1995). Inasmuch as this appeal challenges the trial court's jurisdiction to carry out the adult sentence imposed upon appellant, our review is de novo. *State v. Conway,* 10th Dist. No. 12AP-412, 2013-Ohio-3741.

## D. Legal Analysis

{¶ 10} In his first assignment of error, appellant contends that the trial court committed plain error when it failed to stay his sentence and remand the case to the Juvenile Division for a juvenile court judge to determine whether appellant was "amenable to care or rehabilitation in the juvenile system." [2] R.C. 2152.121, provides in relevant part:

> (B) If a complaint is filed against a child alleging that the child is a delinquent child, if the case is transferred pursuant to division (A)(1)(a)(i) or (A)(1)(b)(ii) of section 2152.12 of the Revised Code, and if the child subsequently is convicted of or pleads guilty to an offense in that case, the sentence to be imposed or disposition to be made of the child shall be determined as follows:
>
> ***
>
> (3) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult,

---

[2] R.C. 2152.12(B)(3) states: "The child is not amenable to care or rehabilitation within the juvenile system, and the safety of the community may require that the child be subject to adult sanctions. In making its decision under this division, the court shall consider whether the applicable factors under division (D) of this section indicating that the case should be transferred outweigh the applicable factors under division (E) of this section indicating that the case should not be transferred. The record shall indicate the specific factors that were applicable and that the court weighed."

> division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, *the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division.* Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division. In no case may the child waive a right to a hearing of the type described in division (B)(3)(b) of this section, regarding a motion filed as described in that division by the prosecuting attorney in the case.

(Emphasis added.)

{¶ 11} The State concedes that the trial court committed plain error when it failed to stay appellant's sentence and remand the case to the juvenile division for an R.C. 2152.12 hearing.[3] Appellant pleaded guilty to robbery, an offense that would not have required mandatory transfer of the case. *See* R.C. 2152.10(A). Additionally, had the original juvenile complaint alleged that appellant was delinquent based solely upon a charge of robbery, the case could be transferred from juvenile court only upon a finding by such court that appellant was "not amenable to care or rehabilitation within the juvenile system." *See* R.C. 2152.12(B). Under the statutory scheme, the juvenile division retained jurisdiction of the case, even after transfer, for the purpose of conducting an R.C. 2152.12 hearing. *See State v. Adams,* 10th Dist. No. 12AP-83, 2012-Ohio-5088.

{¶ 12} For the foregoing reasons, we sustain appellant's first assignment of error. Additionally, inasmuch as appellant now concedes that the trial court conducted a hearing on appellant's motion to withdraw his guilty plea, appellant's second assignment of error is moot.

---

[3] R.C. 2152.121(B)(3)(b) states impertinent part: "Within fourteen days after the filing of the journal entry regarding the transfer, the prosecuting attorney in the case may file a motion in the juvenile court that objects to the imposition of a serious youthful offender dispositional sentence upon the child and requests that the sentence imposed upon the child by the court in which the child was convicted of or pleaded guilty to the offense be invoked."

**E. Conclusion**

{¶ 13} Having sustained appellant's first assignment of error and having determined that appellant's second assignment of error is moot, the judgment of the Franklin County Court of Common Pleas is hereby reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and case remanded for further proceedings.*

SADLER, P.J., and TYACK, J., concur.

_____