OPINION
{¶ 1} Defendant-appellant, Ryan King (hereinafter "King"), appeals the judgments of the Van Wert County Municipal Court denying his motion to vacate a prior guilty plea in Case No. CRB 0500008 and denying his motion to dismiss in Case No. CRB 0400764.
 {¶ 2} On December 13, 2004, King pled guilty to contributing to the unruliness or delinquency of a child pursuant to R.C. 2919.24 in Case No. CRB 0400764. Subsequently, King was sentenced to a fine, suspended jail time, and two years of probation conditioned on the requirement that he have no contact with the minor child without the written consent of the minor's mother.
 {¶ 3} On January 10, 2005, King was again charged, in Case No. CRB 0500008, with contributing to the unruliness of a minor child pursuant to R.C. 2919.24(A)(1) for another incident involving the same minor child.
 {¶ 4} On January 12, 2005, King filed a motion to dismiss the charge in Case No. CRB 0500008 and a motion to vacate the prior guilty plea under Case No. CRB 0400764 on the basis that the municipal court lacked subject matter jurisdiction. The trial court overruled King's motions. Thereafter, King pled no contest to the second charge and was sentenced to a suspended jail sentence of 90 days, fined, and placed on probation.
 {¶ 5} It is from the trial court's denial of these motions that King appeals and sets forth two assignments of error for our review. For clarity of analysis, we consider King's two assignments of error together.
 ASSIGNMENT OF ERROR NO. I The trial court erred when it denied Appellant's motion to vacate hisconviction and sentence.
 ASSIGNMENT OF ERROR NO. II The trial court erred when it denied Appellant's motion to dismiss forlack of jurisdiction.
 {¶ 6} In his first assignment of error, King argues that the municipal court erred in denying his motion to vacate his conviction and sentence in Case No. CRB 0400764 since the municipal court never had subject matter jurisdiction in the case. King asserts in his second assignment of error that the trial court erred in denying his motion to dismiss the charge in Case No. CRB 0500008 because the municipal court lacked jurisdiction.
 {¶ 7} King was convicted of contributing to the unruliness or delinquency of a child pursuant to R.C. 2919.24, which provides, in pertinent part, "(A) [n]o person, including a parent, guardian, or other custodian of a child, shall do any of the following: (1) Aid, abet, induce, cause, encourage, or contribute to a child or a ward of the juvenile court becoming an unruly child * * *." R.C. 2919.24 was enacted on March 6, 1986 when House Bill 349 of the 116th General Assembly went into effect. At the same time and by virtue of the same House Bill, the analogous R.C. 2151.41 was repealed. Therefore, the offense of contributing to the unruliness or delinquency of a child was moved from the juvenile chapter of the Revised Code into the general criminal chapter.
 {¶ 8} The placement of contributing to the unruliness or delinquency of a child in the general criminal statute does not confer upon the municipal court concurrent jurisdiction where the legislature specifically grants exclusive jurisdiction to the juvenile court. Rather, the unambiguous language of R.C. 2151.23(A)(6) provides:
(A) The juvenile court has exclusive original jurisdiction under theRevised Code as follows:
* * *
(6) To hear and determine all criminal cases in which an adult ischarged with a violation of * * * section 2919.24 of the Revised Code,provided the charge is not included in an indictment that also charges thealleged adult offender with the commission of a felony arising out of thesame actions that are the basis of the alleged violation of * * * 2919.24of the Revised Code. * * *[1] Emphasis added.
 {¶ 9} Thus, R.C. 2151.23(A)(6) clearly grants exclusive jurisdiction over the prosecution of adult offenders of R.C. 2919.24 to the juvenile court unless an indictment includes felony charges for conduct arising out of the same behavior.
 {¶ 10} In the present case, King was charged and convicted of contributing to the unruliness or delinquency of a child under R.C. 2919.24
in the Van Wert Municipal Court in Case Nos. CRB 0400764 and CRB 0500008. Neither case contained felony charges. Because R.C. 2151.23(A)(6) grants the juvenile court exclusive jurisdiction for violations of R.C.2919.24 where no felony was charged in the indictment, we find that the municipal court lacked subject matter jurisdiction. A court's lack of subject matter jurisdiction can not be waived. See State v. Wilson
(1995), 73 Ohio St.3d 40, 46, 652 N.E.2d 196. Consequently, the trial court should have dismissed the complaint for lack of subject matter jurisdiction in Case No. CRB 0500008 and granted the motion to vacate the void judgment in Case No. CRB 0400764.
 {¶ 11} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgments of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgments Reversed.
 Rogers and Shaw, J.J., concur.
[1] This version of R.C. 2151.23(A)(6) became effective on August 22, 1990 pursuant to S.B. 258.