[Cite as *Lakewood v. Jackson*, 2011-Ohio-1921.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 94933**

## CITY OF LAKEWOOD

PLAINTIFF-APPELLEE

vs.

## ERIC JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED

Criminal Appeal from the
Lakewood Municipal Court
Case No. 2010 CRB 00188

**BEFORE:**    Blackmon, P.J., Boyle, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    April 21, 2011

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
The Law Office of Matthew M. Nee
14701 Detroit Avenue, Suite 700
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Richard A. Neff
Chief Prosecutor
City of Lakewood

By: Pamela L. Roessner
Assistant County Prosecutor
City of Lakewood
12650 Detroit Road
Lakewood, Ohio 44107


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Appellant Eric Jackson ("Jackson") appeals his conviction for contributing to the unruliness or delinquency of a minor. He assigns the following two errors for our review:

> **"I. The trial court erred by convicting and sentencing Mr. Jackson without subject matter jurisdiction."**

**"II.   The trial court erred by failing to inform Mr. Jackson of his right to counsel and by failing to ascertain whether Mr. Jackson intelligently waived that right."**

{¶ 2} Having reviewed the record and relevant law, we vacate Jackson's conviction.   The apposite facts follow.

{¶ 3} Jackson was charged with contributing to the unruliness or delinquency of a minor pursuant to Lakewood Codified Ordinances 537.17. On the day of trial, at the prosecutor's request, the trial court amended the charge to a violation of R.C. 2919.24, which was identical to the contributing to the unruliness or delinquency of a minor charge pursuant to the Lakewood ordinance.

{¶ 4} The evidence presented at trial showed that Jackson and his juvenile co-defendant were walking up and down driveways in Lakewood at a time when the juvenile should have been in school.   Jackson contended they were looking for a friend's house.   The trial court found Jackson guilty and sentenced him to 90 days in jail, with one year of probation.

## Subject Matter Jurisdiction

{¶ 5}   In his first assigned error, Jackson contends his conviction should be vacated because the Lakewood Municipal Court was without jurisdiction to convict him.   The City concedes this assigned error, and we agree the conviction should be vacated.

**{¶ 6}** R.C. 2151.23 provides:

**"(A) The juvenile court has exclusive original jurisdiction under the Revised Code as follows:**

**"* * ***

**"(6) To hear and determine all criminal cases in which an adult is charged with a violation of * * * section 2919.24 of the Revised Code, provided the charge is not included in an indictment that also charges the alleged adult offender with the commission of a felony arising out of the same actions that are the basis of the alleged violation of * * * section 2919.24 of the Revised Code[.] * * *"**

**{¶ 7}** Jackson was convicted of contributing to the unruliness and delinquency of a minor pursuant to R.C. 2919.24. He was not charged with any other felony charges for conduct arising out of the same behavior. Thus, pursuant to R.C. 2151.23(A)(6), the juvenile court had exclusive jurisdiction over the charge against Jackson. As the Third District in an analogous case held: "The placement of contributing to the unruliness or delinquency of a child in the general criminal statute does not confer upon the municipal court concurrent jurisdiction where the legislature specifically grants exclusive jurisdiction to the juvenile court." *State v. King*, 3d District Nos. 15-05-02 and 15-05-03, 2005-Ohio-6174. Thus, the municipal court clearly did not have jurisdiction.

**{¶ 8}** Accordingly, Jackson's first assigned error is sustained. Our disposition of Jackson's first assigned error renders his second assigned error moot; therefore, we will not address it. App.R. 12(A)(1)(c).

Judgment vacated.

It is ordered that appellant recover of appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

MARY J. BOYLE, J., and
EILEEN A. GALLAGHER, J., CONCUR