DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Jared A. Spannahake has appealed from the judgment of the Lorain County Court of Common Pleas that found him guilty of two counts of rape. This Court reverses.
 I {¶ 2} On October 23, 2002, Defendant-Appellant Jared A. Spannahake was indicted on two counts of rape in violation of R.C. 2907.02(A)(2). The indictment stated that the rapes occurred between January 1, 2001 and December 21, 2002. On November 6, 2002, Appellant was arraigned, waived reading of the indictment, and entered "not guilty" pleas to both counts.
 {¶ 3} A jury trial commenced on April 18, 2005. On April 20, 2005, Appellant was found guilty of two counts of rape. The trial court sentenced Appellant to eight years incarceration on the first rape count and six years incarceration on the second rape count; the sentences were ordered served concurrently. Appellant has timely appealed his conviction, asserting eleven assignments of error.
 II Assignment of Error Number One
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN DEFENDANT, WHO WAS A CHILD AT THE TIME OF THE OFFENSE WAS NOT BOUND OVER FROM THE JUVENILE COURT."
 {¶ 4} In his first assignment of error, Appellant has argued that the trial court lacked jurisdiction over Appellant. Specifically, Appellant has argued that he did not turn 18 until September 7, 2001 and the dates in the indictment started on January 1, 2001 when Appellant was still 17. Therefore, Appellant has argued that the juvenile court had exclusive jurisdiction over him. We agree and the State has conceded this argument.
 {¶ 5} "[A]bsent a proper bindover procedure pursuant to R.C.2151.26, the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." State v. Wilson (1995), 73 Ohio St.3d 40, 44. It is undisputed that 1) Appellant was a child, i.e. under the age of 18, during a period of time listed in the indictment, 2) he was indicted in Lorain County Court of Common Pleas, 3) he was not boundover from juvenile court, and 4) he never appeared in juvenile court on this matter. Based on the foregoing, Appellant was "still subject to the exclusive special subject matter jurisdiction of the juvenile court, and the court of common pleas lacked subject matter jurisdiction to convict him." Id. Because the Lorain County Court of Common Pleas General Division lacked subject matter jurisdiction to convict Appellant, the judgment of the conviction against him was void ab initio. See Id; State v.Tillman (1997), 119 Ohio App.3d 449, 452-53.[1]
 {¶ 6} Appellant's first assignment of error has merit.
 Assignment of Error Number Two
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS UNCONSTITUTIONALLY INDICTED FOR A FUTURE CRIME."
 Assignment of Error Number Three
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT FULLY EXPLAIN THE REMITTAL OF DISQUALIFICATION."
 Assignment of Error Number Four
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN WITNESSES WERE ASKED TO EXPRESS AN OPINION AS TO THE TRUTH OR VERACITY OF OTHER WITNESSES."
 Assignment of Error Number Five
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ALLOWED EVIDENCE CONCERNING DELAYED DISCLOSURE."
 Assignment of Error Number Six
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE INDICTMENT AND THE JURY INSTRUCTIONS DID NOT LIMIT THE TIME."
 Assignment of Error Number Seven
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OMITTED ANY CULPABLE MENTAL STATE NEEDED FOR A CONVICTION."
 Assignment of Error Number Eight
"DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 Assignment of Error Number Nine
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED WITHOUT A PRESENTENCE INVESTIGATION REPORT TO MORE THAN A MINIMUM SENTENCE."
 Assignment of Error Number Ten
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MADE FACTUAL FINDINGS TO IMPOSE MORE THAN A MINIMUM SENTENCE."
 Assignment of Error Number Eleven
"DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS MOTIONS FOR JUDGMENT OF ACQUITTAL WERE OVERRULED."
 {¶ 7} Appellant has argued several other procedural, evidentiary, and constitutional arguments in assignments of error two through eleven. However, this Court need not address Appellant's remaining assignments of error because the arguments are rendered moot by our disposition of Appellant's first assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 8} Appellant's first assignment of error is sustained. We decline to address Appellant's remaining assignments of error. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Moore, J. Boyle, J. concur.
[1] We note that "the exclusive subject matter jurisdiction of the juvenile court cannot be waived." Wilson,73 Ohio St.3d at 44.