DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Namon Oliver has appealed from the judgments of the Lorain County Court of Common Pleas which denied his motions for relief from judgment. This Court reverses.
 I {¶ 2} On March 24, 1997, the Lorain County Child Support Enforcement Agency ("CSEA") filed a complaint against Defendant-Appellant Namon Oliver in the Lorain County Court of Common Pleas, Juvenile Division seeking to establish paternity against Appellant regarding the minor child N.R.O., establish child support for N.R.O., and obtain reimbursement from Appellant for public assistance received by Sonnyta Rudolph, N.R.O.'s mother. Appellant took no action in the case.
 {¶ 3} On June 5, 1997, CSEA filed a motion for default judgment. On July 18, 1997, Appellant was declared the father of N.R.O., was ordered to pay fifty dollars per month in child support, and was ordered to reimburse the Ohio Department of Jobs and Family Services ("ODJFS") and Aid for Dependent Children ("AFDC") any monies expended in support of Sonnyta and N.R.O.
 {¶ 4} On June 28, 2005, Appellant filed a motion for relief from judgment pursuant to R.C. 3119.961 et. seq. and attached genetic test results which indicated a zero probability that he was the father of N.R.O. On January 10, 2006, the trial court denied Appellant's motion for relief from judgment on the basis that R.C. 3119.961 was unconstitutional.
 {¶ 5} On October 8, 1997, CSEA filed a complaint against Appellant in the Lorain County Court of Common Pleas, Juvenile Division seeking to establish paternity against Appellant regarding the minor child J.K., establish child support for J.K., and obtain reimbursement from Appellant for public assistance received by Laura Kennedy, J.K.'s mother. Appellant took no action in the case.
 {¶ 6} On February 5, 1998, CSEA filed a motion for default judgment. On June 8, 1998, Appellant was declared the father of J.K., and was ordered to pay fifty dollars per month in child support.
 {¶ 7} On September 29, 2005, Appellant filed a motion for relief from judgment pursuant to R.C. 3119.961 et. seq. and attached genetic test results which indicated a zero probability that he was the father of J.K. On January 10, 2006, the trial court denied Appellant's motion for relief from judgment on the basis that R.C. 3119.961 was unconstitutional.
 {¶ 8} Appellant timely appealed both decisions of the trial court. On September 20, 2006, this Court consolidated the cases as they presented similar issues. Appellant has asserted two assignments of error for our review. We will address them out of order to facilitate our review.
 II Assignment of Error Number Two
"THE TRIAL COURT ERRED BY FINDING R.C. 3119.961 ET. SEQ. TO BE UNCONSTITUTIONAL AND THEREBY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} In his second assignment of error, Appellant has argued that the trial court erred when it denied his motion for summary judgment based on the unconstitutionality of R.C. 3119.961 et. seq. Specifically, Appellant has argued that subsequent to the trial court's ruling, the Ohio Supreme Court issued a decision specifically holding that R.C. 3119.961 et. seq. is constitutional.
 {¶ 10} CSEA has conceded that the Supreme Court's decision inState ex rel. Lloyd v. Lovelady, 108 Ohio St.3d 86,2006-Ohio-161 conclusively determined that R.C. 3119.961 et. seq. is constitutional and that the trial court committed reversible error when it denied Appellant's motion based upon a contrary determination.
 {¶ 11} Accordingly, the trial court's judgment must be reversed and the matter remanded for proceedings consistent with this opinion. See State v. Powell (Oct. 3, 2001), 9th Dist. No. 20067, at *9.
 {¶ 12} Appellant's second assignment of error has merit.
 Assignment of Error Number One
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ADDRESSING THE STATE OF OHIO'S CONSTITUTIONAL CHALLENGE TO R.C. 3119.961 ET. SEQ."
 {¶ 13} In his first assignment of error, Appellant has argued that the trial court lacked jurisdiction to entertain CSEA's constitutional challenge to R.C. 3119.961 et. seq. However, because this argument is rendered moot by our disposition of Appellant's second assignment of error, this Court need not address it. See State v. Spannahake, 9th Dist. No. 05CA008725,2006-Ohio-1489, at ¶ 7, citing App.R. 12(A)(1)(c).
 III {¶ 14} Appellant's second assignment of error is granted. Appellant's first assignment of error is moot. The judgments of the Lorain County Court of Common Pleas are reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Slaby, P.J. Boyle, J. concur.