[Cite as *State v. Martin*, 2016-Ohio-7764.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF SUMMIT | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| STATE OF OHIO | C.A. No. 27789 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALEXIS MARTIN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2013 11 3167 |

DECISION AND JOURNAL ENTRY

Dated: November 16, 2016

MOORE, Judge.

{¶1} Defendant, Alexis Martin, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} In 2013, complaints were filed in the Summit County Juvenile Court alleging Ms. Martin to be a delinquent child based upon her alleged involvement in a planned burglary, where two victims were shot, and one of the victims suffered fatal injuries. Ms. Martin waived her right to a probable cause hearing in the juvenile court, and the case proceeded to an amenability hearing on the State's motion for the juvenile court to relinquish jurisdiction. The juvenile court found that Ms. Martin was not amenable to rehabilitation in the juvenile justice system, and the court transferred the case to the general division of the Summit County Court of Common Pleas ("the trial court"). Ms. Martin was indicted on several charges in the trial court, to which she initially pleaded not guilty.

**{¶3}** Ms. Martin filed a motion to stay proceedings in the trial court and she filed a motion to vacate the bindover as void, citing R.C. 2152.021(F), as support for both motions. Ms. Martin claimed that the Juvenile Court's purported failure to consider R.C. 2152.021(F) deprived the trial court of jurisdiction. The trial court denied these motions. Thereafter, Ms. Martin changed her pleas to guilty on the charges of murder, with a firearm specification, and felonious assault. At the change of plea hearing, the defense renewed its "jurisdiction[al]" argument, with the understanding that the argument would be raised on appeal. The trial court then dismissed the remaining charges and specifications upon the request of the prosecutor. In a journal entry dated March 30, 2015, the trial court imposed an aggregate sentence of twenty-one years to life imprisonment.

**{¶4}** Ms. Martin timely appealed from the sentencing entry, and she now presents two assignments of error for our review. We have consolidated the assignments of error to facilitate our discussion.

II.

### ASSIGNMENT OF ERROR I

THE JUVENILE COURT COMMITTED PLAIN ERROR AS A MATTER OF LAW AND/OR ABUSED ITS DISCRETION IN ORDERING A BINDOVER OF [MS.] MARTIN TO THE COMMON PLEAS COURT FOR DISPOSITION AS AN ADULT IN DISREGARD OF THE PROVISIONS OF R.C.[ ]2152.021(F).

### ASSIGNMENT OF ERROR II

[MS.] MARTIN'S CONVICTIONS WERE VOID AB[ ]INITIO FOR LACK OF SUBJECT MATTER JURISDICTION.

**{¶5}** In her first assignment of error, Ms. Martin argues that the juvenile court abused its discretion or committed plain error in failing to consider the provisions of R.C. 2152.021(F).

In her second assignment of error, Ms. Martin contends that the trial court lacked jurisdiction because the juvenile court failed to abide by R.C. 2152.021(F).

{¶6} R.C. 2152.021(F), on which both assignments of error are based, provides:

(1) At any time after the filing of a complaint alleging that a child is a delinquent child and before adjudication, the court may hold a hearing to determine whether to hold the complaint in abeyance pending the child's successful completion of actions that constitute a method to divert the child from the juvenile court system if the child agrees to the hearing and either of the following applies:

(a) The act charged would be a violation of section 2907.24, 2907.241, or 2907.25 of the Revised Code if the child were an adult.

(b) The court has reason to believe that the child is a victim of a violation of section 2905.32 of the Revised Code, regardless of whether any person has been convicted of a violation of that section or of any other section for victimizing the child, and the act charged is related to the child's victimization.

(2) The prosecuting attorney has the right to participate in any hearing held under division (F)(1) of this section, to object to holding the complaint that is the subject of the hearing in abeyance, and to make recommendations related to diversion actions. No statement made by a child at a hearing held under division (F)(1) of this section is admissible in any subsequent proceeding against the child.

(3) If either division (F)(1)(a) or (b) of this section applies, the court shall promptly appoint a guardian ad litem for the child. The court shall not appoint the child's attorney as guardian ad litem. If the court decides to hold the complaint in abeyance, the guardian ad litem shall make recommendations that are in the best interest of the child to the court.

(4) If after a hearing the court decides to hold the complaint in abeyance, the court may make any orders regarding placement, services, supervision, diversion actions, and conditions of abeyance, including, but not limited to, engagement in trauma-based behavioral health services or education activities, that the court considers appropriate and in the best interest of the child. The court may hold the complaint in abeyance for up to ninety days while the child engages in diversion actions. If the child violates the conditions of abeyance or does not complete the diversion actions to the court's satisfaction within ninety days, the court may extend the period of abeyance for not more than two additional ninety-day periods.

(5) If the court holds the complaint in abeyance and the child complies with the conditions of abeyance and completes the diversion actions to the court's satisfaction, the court shall dismiss the complaint and order that the records pertaining to the case be expunged immediately. If the child fails to complete the

diversion actions to the court's satisfaction, the court shall proceed upon the complaint.

R.C. 2152.021(F).

{¶7}    Here, at the amenability hearing, the juvenile court stated that Ms. Martin had been a victim of human trafficking, and the juvenile court inquired from the parties as to what effect this should have on the proceedings.  Neither the trial court, nor the parties, explicitly referenced R.C. 2152.021(F) during this discussion, and the juvenile court did not reference R.C. 2152.021(F) in its order finding Ms. Martin not amenable to rehabilitation in the juvenile system.  Based upon these facts, Ms. Martin premises her assignments of error on the argument that the trial court did not consider R.C. 2152.021(F). She argues in her first assignment of error that the juvenile court erred in failing to consider R.C. 2152.021(F), and in her second assignment of error that this failure on the part of the juvenile court deprived the trial court of jurisdiction.  We will first address the issue of jurisdiction.

{¶8}    "The juvenile court has the exclusive original jurisdiction over a person under eighteen years of age [who] allegedly commits an act that would be a felony if committed by an adult."  (Internal quotations and citation omitted.)  *State v. Smith*, 9th Dist. Summit No. 26804, 2015-Ohio-579, ¶ 14.  "[I]n response to a rise in rates and severity of juvenile crime and the belief that not all juveniles can be rehabilitated, in 1969, the General Assembly enacted a statutory scheme that provides for some juveniles to be removed from the juvenile courts' authority."  *Id.* at ¶ 14, quoting *State v. D.W.*, 133 Ohio St.3d 434, 2012-Ohio-4544, ¶ 9.  The Ohio Supreme Court has held that, without a proper bindover procedure, a juvenile court's jurisdiction is exclusive and cannot be waived.  *State v. Wilson*, 73 Ohio St.3d 40, (1995), paragraphs one and two of the syllabus; *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 1995-Ohio-262; *see also Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 8, fn. 1

(noting as an example of a lack of subject matter jurisdiction that a common pleas court lacks jurisdiction over a juvenile matter when there is no proper bindover proceeding for a juvenile offender in juvenile court, and noting that, in such a case, any conviction obtained in the common pleas court is void ab initio).

{¶9} "There are two types of transfers from juvenile court to the court of common pleas: discretionary and mandatory." *Smith* at ¶ 15, citing *D.W.* at ¶ 10; R.C. 2152.10. "Mandatory transfer removes discretion from judges in the transfer decision in certain situations. Discretionary transfer, as its name implies, allows judges the discretion to transfer or bind over to adult court certain juveniles who do not appear to be amenable to care or rehabilitation within the juvenile system or appear to be a threat to public safety." *Smith* at ¶ 15, quoting *D.W.* at ¶ 10. "Before the court may exercise its discretion in transferring a case to common pleas, it must conduct a hearing and consider certain factors for and against the transfer[]" as contained in R.C. 2152.12(B). *Smith* at ¶ 15.

{¶10} After a bindover from juvenile court pursuant to R.C. 2152.12(A) or (B), R.C. 2152.12(I) provides that "[t]he transfer abates the jurisdiction of the juvenile court with respect to the delinquent acts alleged in the complaint, and, upon the transfer, all further proceedings pertaining to the act charged shall be discontinued in the juvenile court, and the case then shall be within the jurisdiction of the court to which it is transferred as described in division (H) of section 2151.23 of the Revised Code." R.C. 2151.23(H) provides that, "[i]f a child who is charged with an act that would be an offense if committed by an adult was fourteen years of age or older and under eighteen years of age at the time of the alleged act and if the case is transferred for criminal prosecution pursuant to section 2152.12 of the Revised Code, except as provided in section 2152.121 of the Revised Code, the juvenile court does not have jurisdiction

to hear or determine the case subsequent to the transfer. The court to which the case is transferred for criminal prosecution pursuant to that section has jurisdiction subsequent to the transfer to hear and determine the case in the same manner as if the case originally had been commenced in that court, subject to section 2152.121 of the Revised Code, including, but not limited to, jurisdiction to accept a plea of guilty or another plea authorized by Criminal Rule 11 * * *."

{¶11} Here, this case involved a discretionary transfer, and Ms. Martin makes no argument that the trial court failed to comply with the relevant bindover provisions contained in R.C. 2152.12. *See State v. Legg*, 4th Dist. Pickaway No. 14CA23, 2016-Ohio-801, ¶ 31, fn. 3 (where appellant's dispute pertained to whether the juvenile's probable cause finding was correct, because probable cause is a necessary predicate for transfer, reviewing court construed the jurisdictional requirement of a "proper bindover procedure" to include the probable cause determination); *see also Wilson*, 73 Ohio St.3d at 44 (where juvenile was never brought before a juvenile court, and, accordingly, no transfer proceeding was conducted, common pleas court lacked jurisdiction). Because Ms. Martin's assignments of error do not allege a failure of the trial court to follow the transfer provisions contained in R.C. 2152.12, we are not persuaded that the alleged error of the juvenile court in failing to consider R.C. 2152.021(F), deprived the trial court of jurisdiction. *See Legg* at ¶ 31, fn. 3; *see also* R.C. 2151.23(H), (I) (transfer order issued under R.C. 2152.12 transfers exclusive jurisdiction to the court in which the case was transferred). Accordingly, Ms. Martin's second assignment of error is overruled.

{¶12} With respect to whether the trial court's purported failure to consider R.C. 2152.021(F) constituted error, as argued in Ms. Martin's first assignment of error, as we noted in our recitation of the facts above, Ms. Martin pleaded guilty pursuant to a plea agreement. "This

Court has explained that '[a] defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings, although [s]he may contest the constitutionality of the plea itself.'" *Smith*, 2015-Ohio-579, at ¶ 25, quoting *State v. Quarterman*, 9th Dist. Summit No. 26400, 2013-Ohio-3606, ¶ 4, quoting *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 21. *Compare with Wilson*, 73 Ohio St.3d at 46 ("The issue of a court's subject matter jurisdiction cannot be waived. A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none.").

{¶13} Prior to entering her plea, Ms. Martin indicated that she was renewing her motion to dismiss or vacate, based on "subject matter jurisdiction grounds[,]" and she then indicated that there was an "understanding that that matter [would] be taken up on appeal." There is no indication that we can discern that Ms. Martin was induced to plead guilty on the understanding that she could appeal aspects of the juvenile court's actions except insofar as they relate to the jurisdiction of the trial court, and Ms. Martin makes no argument in her merit brief that she was so induced. *See Smith* at ¶ 25-26, and *Legg* at ¶ 12-13 (Appellant, who pleaded guilty following transfer from juvenile court to common pleas court, waived right to challenge the juvenile court's failure to appoint a guardian ad litem where such error was not argued to be jurisdictional or to have rendered his plea unknowing, unintelligent, or involuntary.). Accordingly, we conclude that Ms. Martin's argument as contained in her first assignment of error, which pertains to error on the part of the Juvenile Court, independent from her argument pertaining to the jurisdiction of the trial court, was waived through her guilty plea. Her first assignment of error is overruled on that basis.

III.

**{¶14}** Ms. Martin's assignments of error are overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY N. JAMES, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.